Bibianne U. Fell, Esq. (SBN 234194)
**FELL LAW, P.C.**
*Mailing:* 10531 4S Commons Dr., Ste 166-610
San Diego, CA 92127
*Personal Service:* 591 Camino De La Reina #1020
San Diego, CA 92108
Telephone:  (858) 201-3960
Facsimile:    (858) 201-3966
bibi@fellfirm.com

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEAGAN GARLAND, on behalf of herself and all others similarly situated.<br><br>Plaintiffs,<br><br>v.<br><br>DUANE MORRIS, LLP, a business entity; TAX ACCOUNTING GROUP, a business entity, and DOES 1 through 200, inclusive,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT DEMAND FOR JURY TRIAL**<br><br>1. **DECLATORY JUDGMENT – MISCLASSIFICATION OF EMPLOYMENT**<br>2. **UNLAWFUL DEDUCTIONS**<br>3. **FAILURE TO TIMELY PAY WAGES OWED DURING EMPLOYMENT**<br>4. **BREACH OF CONTRACT**<br>5. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>6. **FAILURE TO REIMBURSE REASONABLE BUSINESS EXPENSES**<br>7. **FAILURE TO MAKE REQUIRED WITHHOLDINGS**<br>8. **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§17200, et seq.**<br>9. **FRAUD (BY INTENTIONAL MISREPRESENTATION/CONCEALMENT)**<br>10. **CONSPIRACY TO COMMIT FRAUD**<br>11. **NEGLIGENT MISREPRESENTATION**<br>12. **BREACH OF FIDUCIARY DUTY**<br><br>[CAPTION CONTINUED ON NEXT PAGE] |

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**13. PROFESSIONAL NEGLIGENCE**
**14. UNJUST ENRICHMENT**
**15. ACCOUNTING**
**16. QUANTUM MERUIT**
**17. RESTITUTION**
**18. CALIFORNIA EQUAL PAY ACT**

Complaint Filed:

Plaintiff Meagan Garland (hereinafter "Plaintiff" or "Ms. Garland"), individually and on behalf of all others similarly situated, brings this Class Complaint against Defendants, Duane Morris LLP ("Duane Morris" or the "Firm"), Tax Accounting Group ("TAG"), and DOES 1 through 200. Plaintiff alleges upon knowledge as to herself and her own acts, and otherwise upon information and belief as follows:

## INTRODUCTION

1. Plaintiff, a Black female non-equity partner at Duane Morris, brings this action against Defendants on behalf of herself and all others similarly situated to seek redress for the Firm's intentional and systematic misclassification of its non-equity partners. The Firm unlawfully classifies its non-equity partners as "partners" and business owners of the Firm for taxation and employment purposes, when in fact, these non-equity partners are employees who misleadingly bear the title of "partner."

2. Plaintiff alleges the Firm along with TAG intentionally implemented a misclassification scheme to ensure maximum profitability and reduce business expenses and tax obligations for its equity partners by unlawfully shifting those burdens to its non-equity partners.

3. Plaintiff further seeks redress and programmatic change on behalf of herself and others similarly situated for the Firm's systematic gender and race-based pay inequity practices, which violate California Equal Pay laws.

/ / /

/ / /

FELL LAW, PC

4.     Plaintiff seeks redress on behalf of herself and others similarly situated for the Firm's violation of the California Labor Code, namely its failure to indemnify its employees for business expenses.

## PARTIES AND JURISDICTION

5.     At all times relevant to this Complaint, Duane Morris is a Delaware corporation, which routinely conducts business, maintains two offices, within this Court's jurisdictional area.

6.     The acts and omissions upon which this action is based occurred nationwide at each of Duane Morris's twenty-nine (29) physical offices across the country.

7.     At all times relevant to this Complaint, TAG is a CPA firm, an entity of an unknown type. TAG is affiliated with Duane Morris and operates on the Firm's platform. Duane Morris offers TAG's tax advice, analysis, recommendations, and tax-return preparation services as a fringe benefit to the Firm's non-equity partners. Specifically, TAG prepares non-equity partners' tax filings, and provides tax alerts, educational webinars, and tax advice. Moreover, TAG calculates and allocates to each non-equity partner a share of Firm-generated partnership taxes owed to the various states in which the Firm practices. Annually, TAG requires non-equity partners to certify that they have paid these taxes.

8.     At all times relevant to this Complaint, Plaintiff Meagan Garland is a resident of the County of San Diego, California. Ms. Garland is a member of the Firm's San Diego office and performs work for clients located across the State of California.

9.     At all times relevant to this Complaint, Defendants DOES 1-150 are individual equity partners who made, ratified, knowingly benefitted, and/or obtained unjust enrichment from the Defendants' misclassification scheme, which shifted their own financial risk, capital expenses, overhead expenses, and/or tax responsibility to misclassified non-equity partners, as defined herein. The true names of Defendants sued as DOES 1-150 ("equity partners") are unknown to Plaintiff.

FELL LAW, PC

10.    Plaintiff is informed and believes that the Firm's equity partners are the only persons who hold any partnership interest, or any other equity stake, in the Firm. The Firm's equity partners are the only bona fide partners of the Firm for both employment and tax law purposes; non-equity partners are not bona fide partners. Plaintiff is informed and believes that, during all times relevant to this Complaint, non-equity partners as defined herein have no authority to exercise any management control over the Firm.  Plaintiff is informed and believes that, during all times relevant to this Complaint, the equity partners are the only partners of the Firm who have an ownership interest in the Firm, and as a result share among themselves its profits and losses.

11.    At all times relevant to this Complaint, Defendants DOES 151-200 are the agents or employees of other named Defendants and act within the scope of that agency or employment, or in conspiracy with the other defendants. DOES 151-200 are persons or entities whose capacities are unknown to Plaintiff.

12.    The true names and capacities of the defendants named herein as DOES 151 through 200, inclusive, whether individual, corporate, governmental, associate or otherwise, are unknown to Plaintiff. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

13.    Plaintiff is informed and believes, and thereon alleges, that each of the DOE Defendants is responsible in some manner, either by act or omission, their own negligence, as partners, joint venturers, joint tortfeasors, agents, alter egos, or otherwise, for the occurrences herein alleged, and DOE Defendants caused harm to Plaintiff and those similarly situated. Each of these acts and failures to act is alleged against each defendant whether acting individually, jointly, or severally.  Each of the Defendants, or their agents, employees, servants or alter egos agreed and conspired with the others in the commission of these acts or failures to act.

14.    At all times relevant to this Complaint, Defendants and DOES 1-200 acted maliciously, fraudulently, or in an oppressive manner, causing damage to Plaintiff and those similarly situated.

# FACTS COMMON TO ALL CAUSES OF ACTION

## Meagan Garland

15.     Plaintiff Meagan Garland is an employment attorney licensed to practice law in California and New York. She has been practicing law since 2006.

16.     Ms. Garland is highly skilled in her field and has a track-record of academic and professional success. Ms. Garland graduated *summa cum laude* and Phi Beta Kappa from Spelman College in 2003 with her bachelor's degree. She graduated from Boston College Law School in 2006 where she was an editor for the Boston College Environmental Affairs Law Review. During law school, Ms. Garland was one of three law students selected for a prestigious internship with the United Nations - International Criminal Tribunal for the Former Yugoslavia, in The Hague, Netherlands. After graduating from law school, Ms. Garland practiced at one of the largest law firms in the world, in its San Diego office. The firm rewarded Ms. Garland's professional excellence and supported her request to transfer to its New York City office where she practiced for a few years before returning to the firm's San Diego office.

17.     Ms. Garland brought with her to Duane Morris twelve years of employment law expertise, business acumen derived from having owned and managed her own law firm, and a sizeable book of business.

18.     In 2018, Duane Morris hired Ms. Garland as "Special Counsel."

19.     As Special Counsel, the Firm classified Ms. Garland as an employee.  As an employee:

      a.  Ms. Garland received an annual salary;

      b.  Ms. Garland was entitled to consideration for discretionary bonuses;

      c.  Ms. Garland was entitled to employment benefits such as medical insurance, vacation, participation in the Firm's 401(k) plan, parking subsidies, and payment of her annual bar membership dues;

      d.  Ms. Garland's compensation was subject to all federal and state tax withholdings;

e. Ms. Garland's employment with Duane Morris was at-will;

f. The Firm encouraged Ms. Garland to expand her book of business on the Firm's platform and to generate additional business for the Firm by deepening its relationships with existing clients.

20.  Despite her legal expertise, business acumen, and sizeable book of business, the Firm set Ms. Garland's annual salary at an amount, which she later learned was in the salary range designated for junior associates, more specifically, second year associates.

21.  As Special Counsel, Ms. Garland excelled. The pay gap, however, between Ms. Garland and comparable White and male lawyers, continued to widen to Ms. Garland's detriment.

22.  The reviews from Ms. Garland's supervisors are glowing:

a. "Meagan is a skilled litigator and counselor. She has solid knowledge in many areas of employment law. I am confident she can handle anything she takes on."

b. "Meagan has impressed me as an articulate and confident litigator."

c. "Meagan works hard. She's an excellent advocate and a miracle of efficiency. She has done an outstanding job on all the cases we've worked on together."

d. "Meagan is a winner. She's polished, creative, hard-working, and a quick-thinker. I would never hesitate to put her in front of a client and have entrusted her with some of the most challenging cases, which she's handled with aplomb."

e. **"Meagan's abilities are superb in every respect. She works tirelessly, solves the toughest problems, writes and speaks at the highest level of ability and effectiveness, and has excellent judgment. She functions in every respect as a partner. She's a peer, not a subordinate."** (Emphasis added.)

f.   "Meagan is an employment law expert. He (sic) instincts are right on target. She is functioning at a partner level."

g.   "Partner level analysis and supervision of others."

h.   "Meagan is skilled enough to run cases on her own, but also knows when and how to effectively collaborate with others."

i.   "Meagan is encyclopedically knowledgeable in employment law. What she doesn't know isn't worth knowing. She operates entirely independently, at partnership level."

j.   "Meagan is a consummate team player."

k.   "She is respected and liked by attorneys and staff alike."

l.   "**Meagan is already making lots of rain, as expected**. She manages the [CONFIDENTIAL] relationship (although someone else is the billing attorney) magnificently, and has grown it almost to 7 figure levels. **She actively markets, cross sells to others like crazy and will be a major contributor of business**." (Emphasis added)

23.   Ms. Garland held the title of Special Counsel until January 1, 2021, when the Firm "promoted" Ms. Garland to non-equity partner and changed her title to "Partner."

24.   Nothing about Ms. Garland's work responsibilities, reporting structure, or client interactions changed as a result of her change in title.  She continued to provide services to clients under the same conditions and in the same manner as she had done before the title change.

25.   Ms. Garland did experience material changes relative to her compensation structure and benefits as a result of her "promotion" to non-equity partner.

26.   The Firm changed the timing of its monthly compensation to Ms. Garland from the 26th of each month to the second-to-last day of the month. Ms. Garland's compensation is fixed in an amount determined by Firm management in its sole discretion, and bears no relationship to the Firm's financial success or failure.

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

27.    At no time relevant to this Complaint is Ms. Garland or any other similarly situated non-equity partner a *bona fide* partner.

28.    The Firm stopped withholding employment taxes from Ms. Garland's compensation, began assessing to her a share of the Firm's state tax liability, and reported her compensation to the IRS on a Form K-1, instead of a Form W-2.

29.    As a result of her "promotion," Ms. Garland's effective pay decreased as a direct result of the Firm's misclassification scheme. As it did with all other non-equity partners, the Firm improperly shifted its business expenses to Ms. Garland, while excluding her from sharing in equity partner profits. Notably, in the case of Ms. Garland, as well as all other non-equity partners, the Firm:

a.    Withholds and directs back to itself 4% of gross annual fixed-fee compensation as a "capital contribution";

b.    Withholds for an entire year 18% of annual fixed-fee compensation (a "hold back") to defray Firm operating expenses;

c.    Fails to withhold federal and state payroll taxes and other required withholdings; thereby, saddling its non-equity partners with a self-employment tax obligation;

d.    Excludes non-equity partners from Firm-subsidized benefits it provides to other Firm employees;

e.    Requires non-equity partners to pay the employer's share of the Firm's retirement plan contributions;

f.    Through TAG, distributes the burden of the Firm's state tax liability across its non-equity partner ranks, and does so regardless of the non-equity partner's state of residence;

g.    Fails to indemnify non-equity partners for all reasonable Firm-related expenses they incur in the discharge of their duties.

/ / /

/ / /

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

30.    The Firm funds its Political Action Committee ("PAC") with wages it unlawfully deducts from its non-equity partners' compensation.  The Firm then utilizes the PAC to make political contributions which are, "made strictly with Firm objectives… in mind."

31.    The Firm unlawfully deducts from its non-equity partners' pay to fund charitable contributions to the United Way on the Firm's behalf.

### Non-equity Partners at Duane Morris are Employees

32.    Duane Morris operates an international law practice and sells its employment law expertise to clients, yet it has engaged in a pattern or practice of misclassifying each and every one of its non-equity partners by design.  By doing so, the Firm lowered its cost of doing business by means of, but not limited to, the following:

   a.   The Firm does not report or pay the employer's share of federal or state payroll taxes on the compensation it pays to Plaintiff and similarly situated non-equity partners, as required by law;

   b.   The Firm does not provide or pay for Workers' Compensation insurance for Plaintiff and similarly situated non-equity partners;

   c.   The Firm does not provide or pay for applicable disability insurance for Plaintiff and similarly situated non-equity partners; and

   d.   The Firm does not provide to, or subsidize the cost of employee benefits, for its non-equity partners;

   e.   Withholds money from non-equity partners' compensation as a "capital expense[]," but reports the money non-equity partners never received as income; thereby, allowing the Firm to both use non-equity partner's money for its own expenses and shift the taxation burden of "phantom income" from equity partner to non-equity partners; and

   f.   Shifts Firm state tax liability to non-equity partners.

/ / /

/ / /

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

FELL LAW, PC

33.     Pursuant to California Labor Code, section 226.8, each misclassified non-equity partner is entitled to recover civil penalties. The non-equity partners seek to recover civil penalties up to $25,000 per violation, with respect to each current or former employee who the Firm misclassified as a "partner."

34.     As non-equity partners "do not have any interest in the profits, losses, or capital of the Firm, have no managerial rights and cannot bind the Firm, they are not *bona fide* partners" (*See* April 12, 2002, Memorandum No. 200215053, Mary Oppenheimer, Assistant Chief Counsel, United States Department of the Treasury, *Worker Classification Of-Counsel Attorneys*, Emphasis added.)  The non-equity partners' employee status is further demonstrated by the following:

a.   The Firm can hire or fire non-equity partners and set the rules and regulations of their work;

  i.   The Firm's operations, including the right to hire or fire, rests with the Partners Board. The Partners Board consists of 10% or fewer of the total lawyers in the firm and membership of the Partners Board is determined by the Partners Board;

  ii.   The Partners Board is the governing body of the Firm.

  iii.   The Partners Board decides, or delegates the decisions of, all matters affecting the partnership, except as otherwise stated in the Partnership Agreement.

  iv.   All decisions and actions of the Partners Board are binding on the Firm and all its partners and constitute the actions of the Firm.

  v.   The Partners Board maintains the sole discretion to require, with or without cause, the involuntary withdrawal of a partner from the Firm.

  vi.   The Partners Board develops and/or approves Firm-level strategic planning and financial oversight, addresses attorney and staff talent issues, and addresses other Firm-related issues.

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

vii.   The Partners Board determines partner compensation – manner, timing, and amount.

viii.   The Executive Committee (a smaller 4-6 member subgroup of the Partners Board) makes judgment calls on compensation, spending 70-100 hours per month for the first three months of the fiscal year discussing and determining each attorney's compensation, including partners.

b.   The Firm supervises its non-equity partners and non-equity partners report to their respective Office Head and Practice Group Chair;

i.   The Office Head and Practice Group Chair hold supervisorial responsibility to conduct a monthly review of the top underperforming attorneys, review partner compensation related to fee revenue, coordinate attorney billing rates, determine whether adjustments in partner compensation are necessary or appropriate, determine whether separations are necessary or appropriate and consult with Firm leadership and practice group heads to implement separations, prepare an annual written performance assessment of each partner as part of the partner compensation process, and provide input to Practice Group Heads on appropriate method to distribute and monitor attorney (partner and associate) work assignments.

c.   Non-equity partners do not hold influence over the Firm;

i.   Non-equity partners do not have a vote in the election of new partners.

ii.   The Partners Board sets compensation, elects new partners, and elects new officers.

iii.   The Partners Board and Executive Committee make all important Firmwide decisions and policy.

/ / /

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

d. The Firm intended non-equity partners to operate as employees, but sought the benefit of classifying them as *bona fide* partners/owners;

e. Non-equity partners do not share in the profits, losses, and liabilities of the Firm.

    i. Non-equity partners' K-1s reflect $0 in profit and losses.

35.    At all relevant times, Ms. Garland's duties as Special Counsel and non-equity partner have been identical in all material respects. However, the Firm changed Ms. Garland's classification when it changed her title to non-equity partner.

36.    Plaintiff is not a member of the Partners Board; does not have a Firm management role; her compensation is set by the Partners Board; her work is supervised by multiple managerial layers; and the Partners Board can terminate her in its sole discretion.

37.    The statute of limitations is tolled as a result of Defendants acts to mislead and conceal the wrongful nature of their acts.

**<u>Women and Minorities are Paid Less at Duane Morris than White and/or Male Attorneys</u>**

38.    Plaintiff is a victim of Duane Morris's pervasive failure to provide equal pay to its female and non-White lawyers.

39.    Duane Morris's male-dominated, mostly-White Executive Committee determines compensation for all attorneys, including non-equity partners, and does so in an opaque, even blackbox fashion. The secrecy about how compensation decisions are made only reinforces the pay inequity and enables the Firm to continually disfavor female and non-White attorneys in favor of male and White attorneys.

40.    This Complaint arises out of Duane Morris's systematic, Firm-wide discriminatory treatment of its female and non-White attorneys on the basis of gender and race. Despite its Client alerts and other thought leadership contributions, which

/ / /

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

advocate against such behavior, the Firm discriminates against its female and non-White attorneys through its policies, practices, and procedures with respect to the compensation of female and non-White attorneys in violation of the California Equal Pay Act, Cal. Lab. Code, section 1197.5 ("CEPA").

41.    While Plaintiff was unaware at the time, when the Firm hired her in 2018, Plaintiff's salary, as a 12-year attorney with her own book of business, was unreasonably low when compared with White and/or male comparators:

a.    Ms. Garland's starting salary as a 12-year lawyer was **$20,000 less** than what the Firm paid a White second-year employment associate (who had not yet graduated law school when Plaintiff joined the Firm) upon joining the Firm in 2022.

b.    A few years ago, the Firm paid a White male associate an amount equal to Ms. Garland's current gross compensation as a non-equity partner despite the fact the White male associate is six years Plaintiff's junior, and his billing rate was substantially lower than hers.

c.    In June 2023, the Firm advertised an open position entitled, "Labor and Employment (hybrid schedule) Associate," which noted the "ideal candidate will have **3-6 years of substantive experience in employment litigation** and a desire for trial work." (Emphasis added.) Ms. Garland's compensation as a non-equity partner in 2021 fell within this same range the Firm sought to compensate a junior attorney in her specialty, notwithstanding Ms. Garland's twice as many years of experience, her "encyclopedic[] knowledge[]" of employment law, and the fact she was "already making lots of rain, as expected."

d.    As of 2023, a White, male employment partner in California with the same billing rate as Plaintiff was paid almost double Plaintiff's compensation and double her bonus.

/ / /

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

e. As of 2023, a White, male partner with five fewer years of experience earned $165,000 more than Plaintiff.

42. Pursuant to California Labor Code, section 432.3, Plaintiff requested to see pay-scale information relative to her position, and was told the Firm does not have a pay scale for partners (including non-equity partners).

43. Upon information and belief, Duane Morris's pay scale is lower across the board for females and non-White lawyers than it is for their White male counterparts.

## CLASS ALLEGATIONS

44. Plaintiff Meagan Garland (also "Class Representative") brings the eighteen Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself, and all others similarly situated who are affected by Defendants' California Equal Pay Act Violations, California Labor Code Violations, California tax violations, and U.S. tax violations.

45. The **Non-equity Partner Class** will be defined as "All attorneys who held the title of non-equity partner at Duane Morris at any time wherein they were not simultaneously members of the Duane Morris Partners Board during the statutory period until commencement of trial (or such other time as ordered by the Court)."

46. Plaintiff also seeks to certify the following subclass: The **California Non-equity Partner Subclass** will be defined as "All attorneys in California who held the title of non-equity partner at Duane Morris at any time wherein they were not simultaneously a member of the Duane Morris Partners Board during the statutory period until commencement of trial (or such other time as ordered by the Court)."

47. The **Reimbursement Class** will be defined as "All California employees who were not equity partners, not members of the Partners Board, and who incurred reasonable business expenses for home internet use, home office use, necessary office supplies, use of their personal computers/printers/scanners/etc., use of their personal cellular phones and/or landlines, and were not provided reimbursement for those expenses by the Firm."

FELL LAW, PC

48.     The **California Female Attorney Class** will be defined as "All female attorneys who work(ed) for Duane Morris during the statutory period until commencement of trial (or such other time as ordered by the Court)."

49.     The **California Non-White Attorney Class** will be defined as "All non-White attorneys who worked for Duane Morris during the statutory period until commencement of trial (or such other time as ordered by the Court)."

50.     Members of the Classes and Subclass described above will be collectively referred to as "Class Members." Plaintiff reserves the right to establish other or additional subclasses or modify any Class or Subclass definitions, as appropriate based on investigation, discovery, or specific theories of liability.

51.     Plaintiff is a member of the Classes and Subclass she seeks to represent.

52.     The wage violations occasioned by Defendants' systemic misclassification, as well as the Firm's systemic pay equity discrimination described in this Complaint are continuing in nature.

53.      Plaintiff brings, and may properly maintain, this action as a class action under Rule 23 of the Federal Rules of Civil Procedure because there are common questions of law and fact as to the Classes and Subclasses that predominate over questions affecting only individual members.

54.     As to the proposed **Non-equity Partner Class**, the common questions include, but are not limited to:

a.  Whether the Firm misclassified Plaintiff and Class Members as partners/owners rather than as employees/nonowners of the partnership;

b.  Whether the Firm failed to make required federal and state withholdings from Plaintiff and Class Members' earnings;

/ / /

/ / /

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

c. Whether the Firm unlawfully failed to pay its share of FICA, payroll taxes, and other required federal and state contributions for Plaintiff and Class Members; thus, resulting in Plaintiff and Class Members having to pay self-employment taxes, as well as the employer share of FICA and the other required federal and state contributions;

d. Whether the Firm unlawfully deducted wages, diverting same to the Firm's capital expenses, overhead expenses, and other costs of doing business;

e. Whether the Firm failed to pay contractual and agreed-upon wages in a timely manner;

f. Whether the Firm unlawfully withheld or delayed payment of wages owed;

g. Whether the Firm unlawfully excluded its non-equity partners from participation in Firm-provided and/or Firm-subsidized employee benefits ;

h. Whether the Firm misrepresented the following:

   i. The true nature of Plaintiff and Class Members' employment classification;

   ii. Non-equity partners are partners, and as such, they are responsible for certain Firm obligations, including but not limited to, payment of the Firm's tax obligations, payment of the Firm's share of non-equity partner benefits, payment of Firm business expenses, and contributions to "capital expenses" and the Firm's "capital account.";

   iii. The transition from a non-partner position to non-equity partner at Duane Morris is a 'promotion,' when it is really an income shifting device, a scheme to effectively decrease non-equity partner pay by shifting Firm responsibilities.

i. Whether the Firm breached its fiduciary duties to Plaintiff and Class Members;

j. Whether the Firm and TAG were negligent in giving tax advice and in preparing taxes for the Plaintiff and Class Members;

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

k.  Whether the Firm and TAG conspired to act illegally as herein described;

l.  Whether DOES 1-150 negligently or intentionally participated in or benefited from the Firm's unlawful wage violations; and

m.  Whether the Defendants' conduct was willful, malicious, fraudulent, or oppressive.

55.  As to the proposed **California Non-equity Partner Subclass**, the common questions include, but are not limited to:

a.  The same common questions for the Non-equity Partner Class, enumerated above;

b.  Whether the Firm made unlawful deductions from Class Members' wages in violation of Labor Code, sections 221 and 224;

c.  Whether the Firm failed to pay wages owed to Class Members in violation of Labor Code, sections 204 and 210;

d.  Whether the Firm failed to indemnify Plaintiff and Class Members for reasonable business expenses under California Labor Code, section 2802; and

e.  Whether the Firm engaged in unfair business practices in violation of Business and Professions Code, section 17200, *et seq.*

56.  As to the proposed **Reimbursement Class**, the common questions include, but are not limited to:

a.  Whether the Firm took adequate steps to comply with Labor Code, section 2802; and

b.  Whether the Firm violated California Labor Code, section 2802 by failing to indemnify Class Members for reasonable business expenses.

57.  As to the proposed **California Female Attorney Class**, the common questions include, but are not limited to:

a.  Whether the Firm has engaged in unlawful, systemic gender discrimination through its policies, practices, and procedures affecting compensation;

b. Whether the lack of transparency and of opportunities for redress at the Firm violates the California Equal Pay Act and/or other statutes;

c. Whether the Firm has used a compensation system that lacks meaningful or appropriate standards, implementation metrics, quality controls, transparency, and opportunities for redress;

d. Whether through the use of that compensation system the Firm fails to equitably compensate female attorneys in base salary and/or merit bonuses relative to their similarly situated male counterparts;

e. Whether the Firm systemically, intentionally, or knowingly compensates female attorneys less than similarly situated male attorneys, including in base salary and/or merit bonus pay;

f. Whether the Firm minimizes, ignores, and/or covers-up evidence of gender discrimination in the workplace; and

g. Whether the Firm's conduct was with malice, oppression, or fraud entitling the Class to an award of punitive damages.

58.     As to the proposed **California Non-White Attorney Class**, the common questions include, but are not limited to:

a. Whether the Firm has engaged in unlawful, systemic race discrimination through its policies, practices, and procedures affecting compensation;

b. Whether the lack of transparency and of opportunities for redress at the Firm violates the California Equal Pay Act and/or other statutes;

c. Whether the Firm has used a compensation system that lacks meaningful or appropriate standards, implementation metrics, quality controls, transparency, and opportunities for redress;

d. Whether through the use of that compensation system the Firm failed to equitably compensate non-White attorneys in base salary and/or merit bonuses relative to their similarly situated White counterparts;

/ / /

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

FELL LAW, PC

e.  Whether the Firm systemically, intentionally, or knowingly compensated non-White attorneys less than similarly situated White attorneys, including in base salary and/or merit bonus pay;

f.  Whether the Firm minimized, ignored, and/or covered-up evidence of race discrimination in the workplace; and

g.  Whether the Firm's conduct was with malice, oppression, or fraud entitling the Class to an award of punitive damages.

59.    The Firm's management and leadership sets employment policies, practices, and procedures to which the Plaintiff and Class Members are subject.  These Firm policies, practices, and procedures are standardized and uniformly applied across the Firm's U.S. offices and practice groups; as such, they affect the Class Representative and Class Members in the same way regardless of their office location or practice group affiliation.  The Firm's pattern and practice of discrimination pervades each of its U.S. offices and all of its practice groups.

60.    There is a well-defined community of interest in this litigation and the Class is readily ascertainable:

a.  <u>Numerosity</u>: The members of each Class are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, each Class is estimated to contain more than 50 individuals. The identities of the Class Members are readily ascertainable by inspection of the Firm's employment and payroll records.

b.  <u>Typicality</u>: The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the respective Classes or Subclass because the Firm's failure to comply with the Fair Labor Standards Act, California Labor Code, and Equal Pay Act entitles each Class Member of the respective classes to similar pay, benefits, and other relief. The injuries

/ / /

sustained by Plaintiff are also typical of the injuries sustained by the Class because they arise out of, and are caused by, the Firm's common course of conduct as alleged herein.

c. <u>Adequacy</u>: Plaintiff is qualified to, and will fairly and adequately, represent and protect the interests of Class Members because it is in their best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to Plaintiff and the Class Members. Plaintiff's attorneys, as proposed Class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules regarding class-action discovery, certification, and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue incurring attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

d. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class Member. If appropriate, this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

e. <u>Public Policy Considerations</u>: Employers in the State of California and other states violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. This is especially the case in a field like Law where attorneys rely heavily on

///

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

networking and reputation to advance their careers. Class actions allow unnamed Class Members to vindicate their rights while preserving their privacy interests.

## FIRST CAUSE OF ACTION

**DECLARATORY JUDGMENT – MISCLASSIFICATION OF EMPLOYMENT (Brought by Plaintiff on behalf of herself and the proposed Non-equity Partner Class and California Non-equity Partner Class Against DUANE MORRIS, LLP; and DOES 1 through 200)**

61.    Plaintiff re-alleges each of the foregoing paragraphs and incorporates them by this reference as though fully set forth herein.

62.    An actual controversy has arisen and now exists between the parties relating to the legal rights and duties of the parties as set forth above, for which Plaintiff desires a declaration of rights and other relief available pursuant to the California Declaratory Judgment Act, California Code of Civil Procedure section 1060 *et seq.*

    a.   Defendants contend that the non-equity partners are properly classified as partners, and not employees, for employment and tax purposes;

    b.   Plaintiff, the Non-equity Partner Class, and the California Non-equity Partner Class contend that they are misclassified - that they are employees and not partners, for employment and tax purposes; and

    c.   A judicial determination is necessary and appropriate at this time to determine the rights, duties, and obligations of the parties with regard to the non-equity partners' classification with Duane Morris.

63.    The non-equity partners have no adequate remedy at law.

64.    A declaratory judgment is necessary and proper in that Plaintiff contends that the Firm has committed and continues to commit the violations set forth above and, on information and belief, the Firm will deny that it has done so and/or will continue to commit such acts.

/ / /

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## SECOND CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS

**(Brought by Plaintiff on behalf of herself and the proposed California Non-equity Partner Class Against DUANE MORRIS, LLP and DOES 1 through 150)**

65.     Plaintiff hereby incorporates by reference all paragraphs set forth above and makes them a part of this Cause of Action as though fully set forth herein.

66.     California Labor Code, section 221 and 224 prohibit unlawful deductions from employees' wages, namely those that benefit the employer.  These Labor Code provisions guard against employers who might deprive their employees of wages by fraud or coercion.  Specifically, they were "enacted in response to secret deductions or 'kickbacks' that make it appear as if an employer was paying wages in accordance with an applicable contract or statute, whereas in fact, the employer was paying less."

67.     Furthermore, Labor Code, section 219 provides that the protections of Labor Code, section 221, cannot "be contravened or set aside by a private agreement." Therefore, the rights under Labor Code, section 221, are nonnegotiable and cannot be waived by the parties to an "agreement".

68.     Labor Code, section 219, states an employer may not "require its employees to consent to unlawful deductions from their wages."

69.     The Firm violates California Labor Code, sections 221 and 224, by withholding or diverting for its own benefit, and that of its equity partners, wages earned by its non-equity partners.  Specifically, the Firm transfers to its non-equity partners, by way of unlawful wage deductions (e.g. capital contributions, hold backs, mandatory participation in the Firm's retirement plans, PAC contributions, charitable deductions, etc.) the financial burden of business expenses that otherwise would be borne by the Firm and its equity partners.

70.     These unlawful deductions provide no direct benefit to the non-equity partners

/ / /

71.    Conversely, these deductions benefit the Firm and DOES 1-150 directly or indirectly.

72.    As previously alleged herein, the Firm violates Labor Code, sections 221 and 224 when it deducts amounts from Plaintiff and Class Members' wages to defray the Firm's operational and other business expenses, phantom income, and tax obligations.

73.    As a result of the Firm's violations of Labor Code, sections 221 and 224 Plaintiff and Class Members seek to recover the total amount of wages unlawfully deducted, diverted or withheld in violation of Labor Code, sections 221 and 224, as well as penalties, interest, attorneys' fees, and costs as permitted under California law.

## THIRD CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES OWED DURING EMPLOYMENT
### (Brought by Plaintiff on behalf of herself and the proposed California Non-equity Partner Class Against DUANE MORRIS, LLP and DOES 1 through 150)

74.    Plaintiff hereby incorporates by reference all paragraphs set forth above and makes them a part of this Cause of Action as though fully set forth herein.

75.    Pursuant to California Labor Code, section 204, employers must timely pay their employees all wages owed. Employers who pay their professional employees once per month must do so on or before the 26th day of the month.

76.    As a result of its misclassification scheme, the Firm pays its non-equity partners once per month, but fails to pay them by the 26th day of the month.  Instead, the Firm pays its non-equity partners on the second-to-last day of the month.

77.    The Firm intentionally and willfully fails to timely pay Plaintiff and other Class Members all wages due to them within the period permissible under Labor Code, section 204.

/ / /

/ / /

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

78.    Plaintiff and other Class Members are entitled to recover all available remedies for the Firm's violations of California Labor Code, section 204, including statutory penalties, pursuant to Labor Code, section 210(b), and attorney's fees and costs as permitted under California law.

## FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT

**(Brought by Plaintiff on behalf of herself and the proposed Non-equity Partner Class and California Non-equity Partner Class Against DUANE MORRIS, LLP and DOES 1 through 150)**

79.    Plaintiff hereby incorporates by reference all paragraphs set forth above and makes them a part of this Cause of Action as though fully set forth herein.

80.    The Firm notifies each of its non-equity partners of the amount of their annual compensation verbally, and subsequently confirms same in written accountings prepared by the Firm, called "key stats," and "Budgeted Partner Income."

81.    Based thereon, Plaintiff and the Non-equity Partner Class members perform work as attorneys under their agreements with the Firm, but are not paid the compensation promised by Duane Morris as a result of the Firm's unlawful conduct, as alleged herein.

82.    The Firm and its non-equity partners thereby had a meeting of the minds regarding the amount of annual compensation owed to each non-equity partner and entered into contracts for employment.

83.    By applying unlawful deductions to the agreed-upon compensation, the Firm breached its contracts with its non-equity partners.

84.    As a result, Plaintiff and the Non-equity Partners suffer damages.

/ / /

/ / /

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

# FIFTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

**(Brought by Plaintiff on behalf of herself and the proposed Non-equity Partner Class and California Non-equity Partner Class Against DUANE MORRIS, LLP; and DOES 2 through 50)**

85.    Plaintiff re-alleges each of the foregoing paragraphs and incorporates them by this reference as though fully set forth herein.

86.    The law implies a covenant of good faith and fair dealing in every contract.

87.    The agreements between the Firm and Plaintiff and Class Members, respectively, contain an implied covenant of good faith and fair dealing, which obligates the Firm to perform the terms and conditions of the agreements fairly and in good faith and to refrain from doing any act that would prevent or impede Plaintiff and Class Members from performing any or all of the conditions of the contracts that they agreed to perform, or any act that would deprive them of the benefits of the contracts.

88.    The Firm violates this covenant of good faith and fair dealing in its respective contracts with Plaintiff and Class Members by misrepresenting to Plaintiff and Class Members the true nature of their employment classification as alleged elsewhere in this Complaint.

89.    The Firm violates this covenant of good faith and fair dealing by inducing Plaintiff and Class Members to agree to terms the Firm knew or should have known were unlawful at the time it offered them.

90.    The Firm further violates this covenant of good faith and fair dealing by shifting its financial obligations to Plaintiff and Class Members; thereby, depriving them of the benefit of their contracts.

91.    Plaintiff and Class Members performed all, or substantially all, of the significant duties required under their agreements with the Firm.

/ / /

FELL LAW, PC

92.     As a proximate result of the Firm's breach of the implied covenant of good faith and fair dealing, Plaintiff and Class Members have suffered, and continue to suffer, losses in the form of unlawful deductions from their wages, loss of use of their agreed-upon compensation (including penalties and interest), loss of firm-subsidized benefits, damages from payment of Firm obligations,  and other damages according to proof to be established at trial.

93.     As a further proximate result of the Firm's breach of the implied covenant of good faith and fair dealing, Plaintiff has incurred reasonable attorney's fees in attempting to secure the benefits owed to herself and the Class Members pursuant to their agreements.

## SIXTH CAUSE OF ACTION

### FAILURE TO REIMBURSE REASONABLE BUSINESS EXPENSES

**(Brought by Plaintiff on behalf of herself and the proposed Reimbursement Class Against DUANE MORRIS, LLP; and DOES 1 through 200)**

94.     Plaintiff re-alleges each of the foregoing paragraphs and incorporates them by this reference as though fully set forth herein.

95.     California Labor Code section 2800 states that an employer shall in all cases indemnify his employee for losses.

96.     Labor Code section 2802 requires employers to indemnify their employees for all necessary expenditures or losses incurred by employees in direct consequence of the discharge of their duties.

97.     During the relevant time period, which includes, but is not limited to, the COVID-19 pandemic during which the Firm's shuttered its California Offices, requiring its employees to work remotely, the Firm required Plaintiff and class members to use their own personal cellular phones, home internet, personal computers and necessary office supplies.

98.     In violation of Labor Code, section 2802, the Firm failed to indemnify Plaintiff and class members for all of these expenses.

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

99.    In committing the violations as herein alleged, the Firm has intentionally and willfully failed to fully reimburse Plaintiff and class members for necessary business-related expenses. As a direct result, Plaintiff and class members have suffered damage in an amount to be established at trial.

100.    DOE Defendants violated the aforementioned provisions of the California Labor Code and as such may be held personally liable under California Labor Code section 558.1.

## SEVENTH CAUSE OF ACTION

### FAILURE TO MAKE REQUIRED WITHHOLDINGS

**(Brought by Plaintiff on behalf of herself and the proposed Non-equity Partner Class and California Non-equity Partner Class Against DUANE MORRIS, LLP; and DOES 1 through 200)**

101.    Plaintiff re-alleges each of the foregoing paragraphs and incorporates them by this reference as though fully set forth herein.

102.    The Firm has a legal responsibility to collect and remit to the taxing authority employment taxes including federal income tax and the employees' share of Social Security and Medicare taxes (collectively known as FICA taxes). (26 USC § 3402.)

103.    As to non-equity partners in California, the Firm's failure to make all required state tax withholdings further violates California Code of Regulations, Title 18, Section 18662.

104.    When the Firm misclassified its non-equity partners, it failed to make the required withholdings, including but not limited to FICA, federal and state payroll taxes, and other required federal and state withholdings for employees.

105.    As a result, Plaintiff and Class Members were harmed in the form of financial losses, penalties, and interest.

/ / /

/ / /

FELL LAW, PC

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE §§17200, *et seq.***

**(Brought by Plaintiff on behalf of herself and the proposed California Non-equity**

**Partner Class Against DUANE MORRIS, LLP; and DOES 1 through 200)**

106.   Plaintiff re-alleges each of the foregoing paragraphs and incorporates them by this reference as though fully set forth herein.

107.   The Firm's conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff and class members. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

108.   The Firm's activities, as alleged herein, violate California law and constitute unlawful business acts or practices in violation of California Business and Professions Code section 17200 *et seq.*, including the following:

    a.  Improperly withholding or diverting wages for payment of the Firm's business expenses, PAC contributions, and Firm charitable contributions;

    b.  Failing to timely pay wages;

    c.  Failing to reimburse all reasonable and necessary business expenses;

    d.  Failing to conduct required Federal and State withholdings from Plaintiff and class members' paychecks;

    e.  Failing to pay payroll taxes for Plaintiff and class members;

    f.  The aforementioned violations by the Firm constitute intentional wage theft, pursuant to California Penal Code, section 487m.

109.   Defendants violated the California Labor Code, California Revenue and Taxation Code, and the U.S. Tax Code by intentionally avoiding paying Plaintiff and class members' wages and monies, thereby, on information and belief, creating for the Firm an artificially lower cost of doing business in order to undercut their competitors and boast about nearly two decades of record profits year over year, Pursuant to California Business and Professions Code section 17200, et seq., Plaintiff and class

members are entitled to restitution of the wages and monies unlawfully withheld and retained by the Firm during a period that commences four years prior to the filing of the Complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of reasonable attorneys' fees and costs.

## NINTH CAUSE OF ACTION

### FRAUD

### BY INTENTIONAL MISREPRESENTATION AND CONCEALMENT

### (Brought by Plaintiff on behalf of herself and the proposed Non-equity Partner Class and California Non-equity Partner Class Against DUANE MORRIS, LLP; TAG; and DOES 1 through 200)

110.    Plaintiff re-alleges each of the foregoing paragraphs and incorporates them by this reference as though fully set forth herein.

111.    Duane Morris and TAG engage in a scheme to defraud its non-equity partners by representing to them that they are responsible for certain Firm obligations, including but not limited to, payment of the Firm's tax obligations, payment of the Firm's share of non-equity partner benefits, payment of Firm business expenses, and contributions to "capital expenses" and the Firm's "capital account." Duane Morris and TAG defraud non-equity partners into believing non-equity partner is a 'promotion,' when it is really an income shifting device, a scheme to effectively decrease non-equity partner pay by shifting Firm responsibilities. The misrepresentations are pervasive. They are evidenced by the following writings:

    a. Tax Accounting Group Tax Returns - Client Copy

        i. Tax returns prepared by TAG represent to each non-equity partner that they are responsible to pay taxes on substantial "partnership income," when they in fact own no partnership share and receive no partnership income.

/ / /

  ii. Tax returns prepared by TAG represent to each non-equity partner that they have self-employment earnings and owe self-employment taxes.

  iii. Tax returns prepared by TAG represent to each non-equity partner that they owe additional tax to Medicare.

  iv. Tax returns prepared by TAG represent to each non-equity partner that they owe state taxes on partnership income in states in which the non-equity partner neither reside nor perform work.

  v. Tax returns prepared by TAG represent to each non-equity partner that their adjusted gross income is higher than what each non-equity partner was paid in compensation.

b. Schedule of Taxes Paid to Other States

  i. Duane Morris represents to each non-equity partner that the Firm paid certain amounts in composite taxes in states in which the non-equity partner did not reside and did not perform work based on "the distributive shares of partnership income and tax liabilities for the year…"

c. Promoted Partner Orientation Program PowerPoint

  i. Duane Morris represents that moving into the role of non-equity partner is a promotion.

  ii. Duane Morris represents that "self-employment tax is now applicable" to the non-equity partners.

  iii. Duane Morris represents that non-equity partners fund the Duane Morris Retirement Plan (HR10).

  iv. Duane Morris represents that non-equity partners fund their own matching 401(k) contribution.

d. February 8, 2023 Memo, and other similar annual memoranda given to non-equity partners

FELL LAW, PC

    i.  Duane Morris represents that "[a]s a result of Duane Morris conducting business in various jurisdictions, you may be required to file personal income tax returns in those jurisdictions that impose a personal income tax. The requirement to file a tax return arises from the partnership activities in a specific jurisdiction, regardless of whether you ever work or even appear in that jurisdiction."

    ii.  Duane Morris represents, "A composite return, which is considered a group of individual returns filed by Duane Morris, relieves an electing partner from filing individual returns in these states. Duane Morris will remit quarterly estimated tax payments on behalf of electing partners and the estimated tax payments will be subtracted directly from each electing partner's draw."

e.  Budgeted Partner Compensation Document for Each Non-equity Partner

    i.  Duane Morris represents non-equity partner salaries are "Your Share of Profits"

f.  Non-equity Partner K-1 Packets

    i.  TAG represents that "Ordinary Business Income" is the non-equity partner's "distributive share of earnings."

    ii.  TAG represents that Line 4a shows "guaranteed payments that the Firm made to you."

    iii.  TAG represents that Line 14 shows "Self-Employment Earnings" and that "[t]his amount is subject to self-employment tax."

    iv.  TAG represents that nonresident composite state tax payments made by the Firm on your behalf…Please note these amounts are based on payments actually made for you by the Firm through withholding from your partnership distributions."

    v.  TAG represents that the non-equity partners have a positive capital account.

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

vi. TAG represents that non-equity partners received "Guaranteed payments to partners."

vii. TAG represents that non-equity partners have a non-zero "Partner's share of the partnership's business income."

viii. TAG represents that non-equity partners have partnership income apportioned to states in which they do not reside and do not practice.

ix. TAG represents that non-equity partners have taxable income and that Duane Morris paid some portion of the non-equity partner's taxes.

g. Tax Impact of Partner Status

i. Duane Morris represents, "As a partner, you will also be responsible for the payment of self-employment tax… The tax is based upon your share of partnership income…"

ii. Duane Morris represents, "As a result of Duane Morris conducting business in various jurisdictions, you may be required to file personal income tax returns in those jurisdictions that impose a personal income tax. The requirement to file a tax return arises from the partnership activities in a specific jurisdiction, regardless of whether you ever work or even appear in that jurisdiction."

iii. Duane Morris represents, "A composite return, which is considered a group of individual returns filed by Duane Morris, relieves an electing partner from filing individual returns in these states. Duane Morris will remit quarterly estimated tax payments on behalf of electing partners and the *estimated tax payments will be subtracted directly from each electing partner's draw.*"

iv. Duane Morris represents, "Fixed compensation partners will continue to pay Connecticut ordinary income tax on their apportioned Connecticut income and the tax is withheld and remitted

by the firm. Additionally, all fixed compensation partners are required to participate in the Connecticut composite and opting out is not allowed."

v.  Duane Morris represents, "Any increase in tax liability as a result of inclusion in a composite return may be offset or minimized by credits realized on your resident state return for taxes paid to other states, as well as by the administrative cost saving to you and the firm."

vi.  Duane Morris represents, "These changes concerning the tax situation of your achieving partner status can be dramatic and confusing, especially if you are not prepared. Consultation with your tax advisor may help to reduce the impact of these changes and make the transition to partnership a smooth one, allowing you to enjoy the fruits of your labor."

112.  The Firm and TAG's representations are false. In truth, non-equity partners are not partners, but employees. Non-equity partners are not, in fact, responsible for employer-share benefits contributions, retirement contributions, Firm business expenses, Firm taxes, or self-employment taxes. Non-equity partners are not responsible for paying capital contributions, do not have a capital account, and do not have a distributive share of profits for any purpose, including taxes. Non-equity partner is not, in fact, a promotion.

113.  The Firm and TAG knew its representations were false when made or made the representations recklessly and without regard for its truth.

114.  The Firm and TAG concealed federally-required disclosures concerning PAC-related wage deductions.

115.  Defendants concealed that Plaintiff and Class Members have no distributive share from which to assess taxes on partnership income.

/ / /

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

116.   The Firm and TAG's misrepresentations and concealment at all times relevant to this Complaint, have been intentional and/or reckless. It disclosed certain facts but intentionally failed to disclose others, making its selective disclosure deceptive and/or the Firm and TAG's intentional failure to disclose certain facts, known only to it, such that Plaintiff and Class Members could not discover the aforementioned material facts prior to "promotion."

117.   The Firm and TAG further concealed its actions by its intentional use of erroneous labels designed to give an air of legitimacy to its fraudulent actions, including "guaranteed payments," "distributive share," "capital contributions," etc.

118.   Plaintiff and Class Members justifiably relied upon the Firm and TAG's misrepresentations given the Firm and TAG's reputed expertise as a full-service business law firm with a robust tax-law practice and bolstered by the particularized expertise of TAG.

119.   Plaintiff and Class Members did not know of the misrepresented and/or concealed facts.

120.   The Firm and TAG intended to deceive Plaintiff and Class Members by misrepresenting and/or concealing facts.

121.   As a result of its intentional or reckless misrepresentations the Firm and TAG deprived Plaintiff and Class Members an opportunity to properly evaluate the risk associated with the "promotion."

122.   As a result, Plaintiff and Class Members were harmed.

123.   The Firm and TAG's misrepresentation and/or concealment was a substantial factor in causing Plaintiff and Class Members' harm.

124.   Defendants engaged in the conduct with malice, oppression, and/or fraud such that an award of punitive damages is warranted.

/ / /

/ / /

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

# TENTH CAUSE OF ACTION

## CONSPIRACY TO COMMIT FRAUD

**(Brought by Plaintiff on behalf of herself and the proposed Non-equity Partner Class and California Non-equity Partner Class Against DUANE MORRIS, LLP; TAG; and DOES 1 through 200)**

125. Plaintiff re-alleges each of the foregoing paragraphs and incorporates them by this reference as though fully set forth herein.

126. Plaintiff and Class Members had a legal right to earnings.

127. The Firm, TAG, and DOES 1-200 agreed and conspired to deprive Plaintiff and Class Members of money.

128. The Firm, TAG, and DOES 1-200 each agreed and conspired to provide Plaintiff and Class Members with tax statements reflecting their purported share of tax debt generated by partnership income, which they do not own, and in states that Plaintiff and Class Members neither practice nor reside.

129. In fact, Plaintiff and Class Members did not owe taxes in states in which they did not practice law.

130. In fact, Plaintiff and Class Members did not owe taxes on amount of income they did not receive as a result of Defendants' income-shifting device and unlawful withholdings.

131. In fact, the Firm, TAG, and DOES 1-200 conspired to shift to Plaintiff and Class Members, Duane Morris' financial obligations including, but not limited to, taxes owed by the Firm and its Equity Partners, capital expenses, phantom income, business expenses, and PAC/charitable contributions.

132. Plaintiff and Class Members paid a tax obligation that was not theirs, but belonged solely to the Firm and its equity partners.

/ / /

/ / /

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

133.   In so doing, the Firm substantially interferes with Plaintiff and Class Members' income to which they are lawfully entitled by knowingly or intentionally diverting same to pay taxes and other Firm obligations for which Plaintiff and Class Members had no obligation.

134.   Plaintiff and Class Members did not consent. Any purported consent was given under false pretenses, without knowledge of material facts, or was ineffective by law.

135.   Plaintiff and Class Members suffered as a result of Defendants' misrepresentations.

136.   The Firm and DOES 1-200s' conduct was a substantial factor in causing Plaintiff and Class Members' harm.

137.   Defendants engaged in the conduct with malice, oppression, and fraud such that an award of punitive damages is warranted.

## ELEVENTH CAUSE OF ACTION

**(ALTERNATIVE CLAIM - NEGLIGENT MISREPRESENTATION)**

**(Brought by Plaintiff on behalf of herself and the proposed Non-equity Partner Class and California Non-equity Partner Class Against DUANE MORRIS, LLP; TAG; and DOES 1 through 200)**

138.   Plaintiff re-alleges each of the foregoing paragraphs and incorporates them by this reference as though fully set forth herein.

139.   Plaintiff alleges this claim in the alternative to the claim for Fraud.

140.   The Firm and TAG on the Firm's behalf made the representations alleged above, and incorporated herein. The aforementioned representations are false.

141.   Defendants made these representations negligently, without any reasonable basis to believe their truth, particularly given the Firm's and TAG's respective expertise.

142.   The Firm failed to exercise the skill and care that a reasonable law firm would have applied in similar circumstances.

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

FELL LAW, PC

143.   TAG failed to use the skill and care that a reasonable CPA would have applied in similar circumstances.

144.   Defendants made the aforementioned representations with the knowledge and intent that Plaintiff and Class Members would rely on the statements.

145.   Plaintiff and Class Members reasonably relied on Defendants' representations given their expertise and given the inherent candor and transparency one would expect from a Firm welcoming them into its "partnership."  Had Plaintiff and Class Members known a promotion to non-equity partnership at Duane Morris meant they would be excluded from participation in the Firm's profits and losses, yet obligated to carry the financial burdens associated with equity ownership, they reasonably would have behaved differently.

146.   Defendants had no reasonable grounds for believing the aforementioned representations are true.

147.   Plaintiff and Class Members suffered harm because they were not paid their wages earned, paid the Firm's obligations under false pretenses, and other damages to be proven at trial as a result of Defendants' unlawful conduct.

148.   The Firm and DOES 1-200s' conduct was a substantial factor in causing Plaintiff and Class Members' harm.

## TWELFTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

**(Brought by Plaintiff on behalf of herself and the proposed Non-equity Partner Class and California Non-equity Partner Class Against DUANE MORRIS, LLP; TAG; and DOES 1 through 200)**

149.   Plaintiff re-alleges each of the foregoing paragraphs and incorporates them by this reference as though fully set forth herein.

150.   Defendant TAG operates as a part of Duane Morris, LLP.

/ / /

/ / /

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

151.   Defendant TAG represents to its clients that it is the "Tax Accounting Group of Duane Morris LLP," an "ancillary practice of Duane Morris LLP" and is "affiliated with" the law firm.

152.   Defendant TAG provides tax compliance and planning services to its clients.

153.   Any separate entity formed to operate as TAG or any claimed separateness of TAG from Defendant Duane Morris must be disregarded as a violation of Duane Morris's ethical obligations and a violation of the California Rules of Professional Conduct.

154.   California Rules of Professional Conduct, rule 5.4(b) provides, "A lawyer shall not form a partnership or other organization with a nonlawyer if any of the activities of the partnership or other organization consist of the practice of law."

155.   California Rules of Professional Conduct, rule 5.4(d) provides, "A lawyer shall not practice with or in the form of a professional corporation or other organization authorized to practice law for a profit if:…(2) a nonlawyer is a director or officer of the corporation or occupies a position of similar responsibility in any other form of organization"

156.   California Rules of Professional Conduct, rule 7.5(c) provides, "A lawyer shall not state or imply that the lawyer practices in or has a professional relationship with a law firm or other organization unless that is the fact." The foregoing representations appear on Defendant Duane Morris's website.

157.   The Director of TAG, Michael A. Gillen, is not a licensed attorney.

158.   Here, Defendants Duane Morris and TAG breached their fiduciary duties to their non-equity partner clients by failing to act with the utmost good faith, failing to act in the best interest of the non-equity partner clients, and acting in loyalty to the Firm, instead of non-equity partner clients.

159.   As a result, the Plaintiff and Class Members were harmed.

/ / /

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

160.    Defendants' conduct was a substantial factor in causing Plaintiff and Class Members' harm.

## THIRTEENTH CAUSE OF ACTION

## PROFESSIONAL NEGLIGENCE

**(Brought by Plaintiff on behalf of herself and the proposed Non-equity Partner Class and California Non-equity Partner Class Against DUANE MORRIS, LLP; TAG; and DOES 1 through 200)**

161.    Plaintiff re-alleges each of the foregoing paragraphs and incorporates them by this reference as though fully set forth herein.

162.    Defendant Duane Morris breached the following duties of an attorney: failing to use the skill and care that a reasonable law firm would have applied in similar circumstances, and failing to act with loyalty, candor, and competence for the benefit of the Plaintiff and class members.

163.    Defendant TAG breached the following duties of a CPA: failing to use the skill and care that a reasonably careful CPA would have applied in similar circumstances.

164.    The Plaintiff and Class Members were harmed.

165.    Defendants' conduct was a substantial factor in causing Plaintiff and Class Members' harm.

## FOURTEENTH CAUSE OF ACTION

## UNJUST ENRICHMENT

**(Brought by Plaintiff on behalf of herself and the proposed Non-equity Partner Class and California Non-equity Partner Class Against DUANE MORRIS, LLP; and DOES 1 through 200)**

166.    Plaintiff re-alleges each of the foregoing paragraphs and incorporates them by this reference as though fully set forth herein.

/ / /

/ / /

167.   Defendant Duane Morris and DOES 1-200 received a benefit in withholding wages, diverting wages, failing to reimburse for reasonable expenses incurred for the benefit of the Firm.

168.   Defendants' benefit was obtained at the expense of the Plaintiff and Class Members.

169.   The circumstances under which Defendants obtained the benefit make it unjust for the Defendants to retain the benefits without commensurate compensation.

### FIFTEENTH CAUSE OF ACTION

### ACCOUNTING

**(Brought by Plaintiff on behalf of herself and the proposed Non-equity Partner Class and California Non-equity Partner Class Against DUANE MORRIS, LLP; and DOES 1 through 200)**

170.   Plaintiff re-alleges each of the foregoing paragraphs and incorporates them by this reference as though fully set forth herein.

171.   Plaintiff and Class Members do not know the precise amount of remuneration to which each was entitled during the relevant time period. Such amounts can only be determined by an accounting of Duane Morris' books and records.

### SIXTEENTH CAUSE OF ACTION

### QUANTUM MERUIT

**(Brought by Plaintiff on behalf of herself and the proposed Non-equity Partner Class and California Non-equity Partner Class Against DUANE MORRIS, LLP; and DOES 1 through 200)**

172.   Plaintiff re-alleges each of the foregoing paragraphs and incorporates them by this reference as though fully set forth herein.

173.   Within the past four (4) years, Plaintiff and Class Members worked for Duane Morris.

174.   Duane Morris benefitted substantially from the work performed by Plaintiff and Class Members.

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

FELL LAW, PC

175.   Duane Morris has not compensated Plaintiff and Class Members for the reasonable value of their work.

176.   There is money now due that Duane Morris owes to Plaintiff and Class Members in an amount to be determined at trial.

## SEVENTEENTH CAUSE OF ACTION

### RESTITUTION

**(Brought by Plaintiff on behalf of herself and the proposed Non-equity Partner Class and California Non-equity Partner Class Against DUANE MORRIS, LLP; and DOES 1 through 200)**

177.   Plaintiff re-alleges each of the foregoing paragraphs and incorporates them by this reference as though fully set forth herein.

178.   Plaintiff and Class Members are entitled to restitution in lieu of breach of contract damages if it is determined that their agreements with Duane Morris were unenforceable or ineffective for some reason.

179.   Alternatively, Plaintiff and Class Members are entitled to restitution because, as set forth above, Duane Morris and DOES 1-200 obtained a benefit from Plaintiff and Class Members by fraud, duress, conversion, or similar conduct; therefore, they have been unjustly and unlawfully enriched at the expense of Plaintiff and Class Members.

180.   Specifically, although Plaintiff and Class Members dutifully worked for Duane Morris, Duane Morris has refused, and continues to refuse, to fully compensate Plaintiff and Class Members for their work.

181.   Further, Duane Morris and DOES 1-200 unlawfully shifted employer obligations and taxes to Plaintiff and Class Members. Plaintiff and Class Members paid Defendants obligations and are entitled to be reimbursed.

182.   As a result of Duane Morris' unjust conduct, Plaintiff and Class Members are entitled to restitution in an amount according to proof.

/ / /

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

### EIGHTEENTH CAUSE OF ACTION

### CALIFORNIA EQUAL PAY ACT

**(Brought by Plaintiff on behalf of herself and the proposed California Female Attorney Class and California Non-White Attorney Class Against DUANE MORRIS, LLP; and DOES 1 through 200)**

183.   Plaintiff re-alleges each of the foregoing paragraphs and incorporates them by this reference as though fully set forth herein.

184.   The Firm has discriminated and continues to discriminate against Plaintiff and all the California Female Attorney EPA Subclass members and non-White Attorney EPA Subclass members in violation of California Labor Code section 1197.5, *et seq.* by paying its female employees and non-White employees at wage rates less than the wage rates paid to its male employees and White employees for substantially equal or similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions, during the statutory period.

185.   The Firm's failure to pay women and men equal wages for performing substantially equal or similar work is not justified by any lawful reason.

186.   The Firm's failure to pay non-White and White attorneys equal wages for performing substantially equal or similar work is not justified by any lawful reason.

187.   As a result of the Firm's ongoing conduct, violation of California Labor Code section 1197.5, and/or willful discrimination, Plaintiff and subclass members have suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

188.   Plaintiff and subclass members are therefore entitled to all legal and equitable remedies available under law, including wages, interest, and liquidated damages.

/ / /

/ / /

FELL LAW, PC

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on her own behalf and on behalf of all others similarly situated, prays for relief and judgment against all Defendants, jointly and severally, as follows:

1.    For certification of this action as a class action, including certifying the Classes and subclass alleged by Plaintiff;

2.    For appointment of Meagan Garland as class representative;

3.    For appointment of Fell Law, PC as class counsel for all purposes;

4.    For a declaration that Plaintiff and each of the members of the proposed Non-equity Partner Class was an employee of Duane Morris, LLP and not a partner.

5.    For an order enjoining the Firm from misclassifying non-equity partners as partners for pay purposes.

6.    For all unpaid wages and penalties pursuant to the California Labor Code;

7.    For liquidated damages pursuant to Labor Code sections 1194(a), 1194.2, 226.8(a), 210, 203, 1197.5 (the California Equal Pay Act), the Equal Pay Act, and the FLSA;

8.    For compensatory damages in an amount according to proof with interest thereon;

9.    For economic and/or special damages in an amount according to proof with interest thereon;

10.    For unreimbursed expenses incurred by Plaintiff and Class Members;

11.    For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law;

12.    For statutory penalties to the extent permitted by law, including those pursuant to the FLSA and California Labor Code;

13.    Pursuant to Pursuant to Labor Code section 226.8(e)(1),  Duane Morris should be ordered to prominently display a notice at the Firm in a place that is accessible to all employees and the general public, that states: (1) a court has found that

Duane Morris committed a serious violation of the law by engaging in the willful misclassification of employees; (2) that Duane Morris has changed its business practices in order to avoid committing further violations of this section; (3) that any employee who believes that he or she is being misclassified pursuant to this Section may contact the Labor and Workforce Development Agency and the notice shall include the mailing address, email address, and telephone number of the agency; and (4) that the notice is being posted pursuant to a state order.

14.    For restitution as provided by California Business and Professions Code section 17200, *et seq.*;

15.    For an order requiring the Firm to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under California Business and Professions Code section 17200, *et seq.*;

16.    For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, reimbursement, benefits, and penalties, including interest thereon;

17.    For pre-judgment interest;

18.    For civil penalties;

19.    For equitable relief, including constructive trust and restitution, to the extent available under law;

20.    For punitive damages; and

21.    For such other relief as the Court deems just and proper.

The paragraphs of this complaint alleged upon information and belief are 1 through 188.

/ / /

/ / /

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff requests a jury trial for all triable claims.

DATED:   July 31, 2024                      **FELL LAW, PC**

<u>/s/Bibianne U. Fell</u>
Bibianne U. Fell
**Attorneys for Plaintiffs**

CLASS ACTION COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

FELL LAW, PC