UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEAGAN GARLAND, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DUANE MORRIS LLP, a business entity; TAX ACCOUNTING GROUP, a business entity, and DOES 1 through 200, inclusive,<br><br>Defendants. | Case No.: 3:24-cv-01783-CAB-DEB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>[Doc. No. 14] |

This matter comes before the Court on Defendant Duane Morris LLP's partial motion to dismiss. [Doc. No. 14.] The motion has been fully briefed, and the Court finds it suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** the motion in part and **DENIES** the motion in part.

//
//
//

I.     **ALLEGATIONS IN THE COMPLAINT**

    **A. Parties**

Duane Morris is a law firm with twenty-nine offices in the United States. [Complaint ("Compl.") ¶ 6.] Defendant Tax Accounting Group ("TAG") is a Certified Public Account firm affiliated with Duane Morris. [*See id.* ¶ 7.] As a fringe benefit to its non-equity partners, Duane Morris offers non-equity partners TAG's tax advice, analysis, recommendations, and tax-return preparation services. [*Id.*]

Plaintiff Meagan Garland ("Plaintiff") is a California citizen who is a Black female non-equity partner at Duane Morris in the employment law group. [*Id.* ¶ 1, 15.] Plaintiff purports to represent five classes of Duane Morris attorneys: (1) all attorneys who held the title of non-equity partner at Duane Morris at any time where they were not simultaneously members of the Duane Morris Partners Board; (2) all attorneys in California who held the title of non-equity partner at Duane Morris at any time where they were not simultaneously members of the Duane Morris Partners Board; (3) all California employees who were neither equity partners nor members of the Partners Board, and who incurred reasonable business expenses from working for Duane Morris at home and were not reimbursed for those expenses by Duane Morris; (4) all female attorneys who work or have worked for Duane Morris during the relevant statutory period; and (5) all non-white attorneys who worked for Duane Morris during the relevant statutory period. [*Id.* ¶¶ 44–49.]

    **B. Plaintiff's Class Allegations**

The crux of Plaintiff's lawsuit is that Duane Morris allegedly misclassified her as a partner rather than an employee and, as a result, underpaid her wages because Duane Morris made unlawful deductions, unlawfully withheld wages, diverted income, and failed to reimburse for reasonable expenses. [*See* Compl. ¶¶ 83, 109, 133, 147, 167.]

First, Plaintiff alleges that Duane Morris misclassified its employees as non-equity partners to lower its cost of business. Plaintiff alleges that nothing about her work responsibilities, reporting structure, or client interactions changed when Duane Morris promoted her from special counsel to non-equity partner, yet Plaintiff's effective pay

decreased because of Defendants' alleged misclassification scheme. [*Id.* ¶ 24, 29.] Plaintiff alleges that Duane Morris improperly shifted its business expenses to Plaintiff, while excluding her from the privileges of partnership and sharing in equity partner profits. [*Id.* ¶ 34.] Plaintiff claims each misclassified non-equity partner is entitled to recover civil penalties pursuant to California Labor Code Section 226.8. [*Id.* ¶ 33.]

Next, Plaintiff alleges that Duane Morris paid women and minorities less than white and/or male attorneys at Duane Morris in violation of the California Equal Pay Act, Cal. Lab. Code, Section 1197.5. [*Id.* ¶ 40.] Plaintiff alleges that when she worked as special counsel and was classified as an employee, Duane Morris underpaid her compared to white and male attorneys at Duane Morris. [*Id.* ¶¶ 19–21, 39–41.] Plaintiff alleges that Duane Morris failed to provide her the pay-scale information she requested in violation of California Labor Code Section 432.3. [Compl. ¶ 42.]

Third, Plaintiff alleges that Defendants violated California Labor Code, Section 2802 by failing to indemnify Class Members for reasonable business expenses. [*Id.* ¶ 56.] Plaintiff alleges that Duane Morris wrongfully required employees to supply their own home internet, home office, necessary office supplies, computers, printers, scanners, and phones. [*Id.* ¶ 47.]

On July 31, 2024, Plaintiff, on behalf of herself and all others similarly situated, filed a class action complaint against Defendants based on the above-described practices. [*Id.*] The complaint asserts eighteen causes of action which the court addresses in relation to Defendants' partial motion to dismiss. Plaintiff brings claims that seek legal remedies and claims that seek equitable remedies.

## II.  LEGAL STANDARD

At the pleading stage, the Court looks to whether Plaintiff has plausibly stated a claim: an exercise that draws on judicial experience and common sense. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). Fed. R. Civ. P. 12(b)(6) permits a party to file a motion to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient

factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted). If a complaint does not survive scrutiny under Rule 12(b)(6), the Court will grant leave to amend unless it determines that no modified claims "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

### III. DISCUSSION

Defendant moves to partially dismiss Plaintiff's complaint on thirteen separate grounds. [Doc. No. 14 at 1–2.] The Court addresses each of these arguments in turn.

#### A. Declaratory Judgment

Defendant argues that Plaintiff's first cause of action for declaratory judgment fails to state a claim because it identifies a remedy rather than stating a cause of action. [Doc. No. 14 at 15–16.] Plaintiff requests a declaration of rights and other available relief pursuant to the California Declaratory Judgment Act, California Code of Civil Procedure section 1060 *et seq*. [Compl. ¶ 62.] But "once a case is removed to federal court, whether to grant declaratory relief becomes a procedural matter implicating the Declaratory Judgement Act (DJA)". *Lopez v. GMAC Mortgage Corp.*, No. C 07-3911 CW, 2007 WL 3232448, at *3 (N.D.Cal.) (citing *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750,

753 (9th Cir. 1996) (overruled on other grounds by *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998))).

Courts conduct a two-part analysis to determine if declaratory relief is appropriate under the circumstances. *See Dizol*, 133 F.3d at 1222–23. First, the court must be satisfied that an "actual controversy" exists between the parties. 28 U.S.C. § 2201. In federal court, this inquiry also requires the parties to demonstrate a statutory basis for federal subject matter jurisdiction. *Dizol*, 133 F.3d at 1222–23; *Larone v. Metro. Life Ins. Co.*, No. 2:21-CV-00995-AB (AGRX), 2022 WL 18356999, at *8 (C.D. Cal. Feb. 9, 2022). Second, the Court considers whether to extend jurisdiction over the actual controversy at hand. *See, e.g.*, Am. States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994). Under both California and federal law, courts have discretion regarding this second step. *Dizol*, 133 F.3d at 1222–23.

Regarding step one, Plaintiff has not demonstrated a statutory basis for federal subject matter jurisdiction. In her complaint, Plaintiff alleges facts that form the basis for declaratory relief based on California law. [Compl. ¶¶ 61–64.] Declaratory relief may be appropriate here because it is intertwined with its other underlying causes of action. [*See* Compl. ¶¶ 61, 111]. Nevertheless, the Court cannot ascertain the precise legal basis by which the Plaintiff seeks declaratory relief. The Court therefore dismisses Plaintiff's claim for declaratory relief with leave to amend.

### B. Breach of Contract

Defendant alleges that Plaintiff's fourth cause of action for breach of contract fails to state a claim because the complaint alleges Duane Morris' full compliance with the purported agreement. Plaintiff alleges that Duane Morris informed her about the deductions to her pay in writing after verbally discussing her non-equity partner compensation. [Doc. No. 26 at 20]. Plaintiff alleges that she did not know about the deductions until after she accepted her promotion. [*Id.*] California state courts do not consider knowledge and compliance with an agreement dispositive in unlawful deductions cases: "The one tool that is not available to the employer is an employment agreement by

which it requires its employees to consent to unlawful deductions from their wages." *Davis v. Farmers Ins. Exch.*, 245 Cal. App. 4th 1302, 1332 (2016) (cleaned up). "Even if a contract exists, an employer cannot shift the cost of doing business to an employee." *Id.* at 1333. Although Plaintiff continued to operate under the contract after she had knowledge of the alleged unlawful deductions, Plaintiff has adequately pled that Defendants shifted the cost of business to Plaintiff. [Compl. ¶ 32.]

Defendant also alleges that Plaintiff's fourth cause of action fails to state a claim to the extent it seeks recovery of amounts exclusively available under the California Labor Code. However, California courts permit an employee who was denied wages owed to sue for both breach of contract and Labor Code violations. *See Smith v. Rae-Venter L. Grp.*, 29 Cal. 4th 345, 350 (2002). Therefore, the Court declines to dismiss Plaintiff's fourth cause of action.

### C. Failure to Withhold Taxes

Defendant alleges that Plaintiff's seventh cause of action for failure to make required withholdings under 26 U.S.C. § 3402 fails to state a claim because the law precludes a lawsuit alleging failure to withhold taxes. The plain text of the statute does not explicitly create a private right of action. *See Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 615 F.3d 1106, 1115 (9th Cir. 2010). And as Defendant notes, numerous courts have confirmed that employees do not have an implied private right of action under 26 U.S.C. § 3402. *See, e.g., Clinard v. Bishopp's Hardware, Inc.*, No. 1:19-CV-03365-JMS-TAB, 2019 WL 13217081, at *4 (S.D. Ind. Sept. 11, 2019). Plaintiff similarly does not have a private right of action under California law. *See* Cal. Unemp. Ins. Code § 13070(a) ("The employer shall be liable for the payment of the tax required to be deducted and withheld under Section 13020, and shall not be liable to any person for the amount of such payment.").

In her opposition to Defendant's motion to dismiss, Plaintiff argues that the seventh cause of action actually seeks damages for fraud and negligence in giving tax advice. [Doc. No. 26 at 17.] However, Plaintiff's seventh cause of action does not mention fraud, negligence, or unfair competition. [*See* Compl. ¶¶ 102–05.] Fed. R. Civ. P. 8(a)(2) requires

that defendants be put on fair notice of the claims against them in the complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff has not given adequate notice to Defendants of the exact nature of the tax claims brought against them. Consequently, the Court dismisses Plaintiff's seventh cause of action with leave to amend.

### D. Business and Professions Code §§17200, *et seq.*

For her eighth cause of action, Plaintiff states that she seeks restitution for unlawful wage deductions under the California Business and Professions Code Section 17200, *et seq.*, which is an equitable remedy. Defendant argues that Plaintiff fails to state a claim because she seeks damages for which the California Labor Code provides the exclusive remedy, but she does not allege the absence of an adequate remedy at law.

Under the "new right-exclusive remedy" doctrine, "where a statute creates new rights and obligations not previously existing in the common law, the express statutory remedy is deemed to be the exclusive remedy available for statutory violations, unless it is inadequate." *Brewer v. Premier Golf Props., LP*, 168 Cal.App.4th 1243, 1252 (2008). This doctrine applies "where a statute creates a right that did not exist at common law and provides a comprehensive and detailed remedial scheme for its enforcement." *Salazar v. McDonald's Corp.*, 944 F.3d 1024, 1033 (9th Cir. 2019) (quotations omitted). Where the Labor Code codifies a preexisting common law cause of action, "all forms of relief granted to civil litigants generally, including appropriate punitive damages, are available unless a contrary legislative intent appears." *Brewer*, 168 Cal.App.4th at 1252.

"[T]he first and necessary step" in determining whether the new right-exclusive remedy doctrine applies is to determine "whether or not the right existed at common law." *Sims v. AT & T Mobility Servs. LLC*, 955 F. Supp. 2d 1110, 1116 (E.D. Cal. 2013). In adjudicating a challenge to the UCL, *Sims* confirmed that employees were entitled to recover unpaid wages and overtime compensation at common law. *Id.* at 1117. As a result, the *Sims* court held that the Labor Code did not provide an exclusive statutory remedy. *Id.*; *see also Alvarenga v. Carlson Wagonlit Travel, Inc.*, No. 1:15-CV-01560-AWI-BAM, 2016 WL 466132, at *4 (E.D. Cal. Feb. 8, 2016); *Rodriguez v. Cleansource, Inc.*, No. 14-

CV-0789-L DHB, 2015 WL 5007815, at *9 (S.D. Cal. Aug. 20, 2015). The Court agrees that California common law provides for a cause of action based on the unlawful deduction of wages. *Sims* 955 F. Supp. 2d at 1117.

Plaintiff seeks restitution as well as legal penalties (unlike the *Sims* plaintiff) under the California Labor Code. [*See* Compl. at 43.] Critically, however, Plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). "[M]ost district courts applying *Sonner* have . . . understood it to require that a plaintiff must, at a minimum, plead that she lacks adequate remedies at law if she seeks equitable relief." *Johnson v. Trumpet Behav. Health, LLC*, No. 3:21-CV-03221-WHO, 2022 WL 74163, at *3 (N.D. Cal. Jan. 7, 2022) (quotations omitted). Plaintiff provides the conclusory allegation that "non-equity partners have no adequate remedy at law" and does not otherwise plead facts that explain how Plaintiff does not have a remedy at law. [Compl. ¶ 63.] However, this is all that *Sonner* requires at the pleading stage. *See In re Natera Prenatal Testing Litig.*, 664 F. Supp. 3d 995, 1012–13 (N.D. Cal. 2023) (collecting cases requiring only that Plaintiffs plead that they lack an adequate remedy at law at the pleadings stage).

Although Plaintiff brings a claim for the same amounts under the Business and Professions Code and under the Labor Code, [Compl. ¶¶ 73, 109], Plaintiff is allowed to make this pleading in the alternative. *Warren v. Whole Foods Mkt. Cal., Inc.*, No. 21-cv-04577-EMC, 2022 WL 2644103, at *9 (N.D. Cal. July 8, 2022) ("[The plaintiff] is not barred by *Sonner* . . . from pursuing alternative remedies at this early stage of the suit.").

Therefore, the Court denies Defendant's motion to dismiss Plaintiff's eighth cause of action.

### E. Fraud

Defendant requests dismissal of Plaintiff's ninth cause of action for fraud because Plaintiff has not adequately alleged reasonable reliance. The Court disagrees. To state a claim for fraud, a plaintiff must allege, *inter alia*, that she "reasonably relied on" the

defendant's representations. *Resolution Tr. Corp. v. Keating*, 186 F.3d 1110, 1117 (9th Cir. 1999). Defendant argues that because Plaintiff is an employment lawyer, she could not have reasonably relied on Duane Morris' alleged misrepresentations regarding an intentional misclassification of her employment. [Doc. No. 14 at 20–21.] But Plaintiff pled that she reasonably relied on the allegedly faulty tax returns that TAG prepared. [*See* Compl. ¶¶ 111–113; Doc. No. 26 at 21.] "Except in the rare case where the undisputed facts leave no room for a reasonable difference of opinion, the question of whether a plaintiff's reliance is reasonable is a question of fact." *Whiteley v. Philip Morris Inc.*, 117 Cal.App.4th 635, 678 (2004) (citations omitted). The Court cannot resolve this factual dispute on a 12(b)(6) motion. Such a question may be considered pursuant to a proper summary judgment motion, but for now, the Court denies Defendant's motion to dismiss Plaintiff's ninth cause of action.

Defendant also alleges that Plaintiff's fraud claim fails to state a claim to the extent it seeks recovery of amounts exclusively available under the California Labor Code. The Court declines to address this issue at the motion to dismiss stage. It is not yet apparent whether the amount Plaintiff seeks in her fraud claim replicates the amount sought under the California Labor Code.

### F. Negligent Misrepresentation

Plaintiff's eleventh cause of action for negligent misrepresentation is pled in the alternative to Plaintiff's ninth cause of action for fraud. To state a claim for negligent misrepresentation, a plaintiff must allege that (1) the defendant made a misstatement of a material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the statement, and (4) that the plaintiff was ignorant of the truth, justifiably relied on the statement, and suffered resulting harm. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1200 n.2 (9th Cir. 2001); *see also Shamsian v. Atl. Richfield Co.*, 107 Cal.App.4th 967, 983 (2003). Defendant recycles the same argument for fraud as for negligent misrepresentation: Plaintiff could not have reasonably relied on the

misrepresentations she alleges. [Doc. No. 14 at 20.] This is not an argument for the pleading stage. The Court declines to address this issue at the motion to dismiss stage.

### G. Conspiracy to Commit Fraud

Defendant argues that Plaintiff's tenth cause of action for conspiracy to commit fraud fails to state a claim because Plaintiff does not allege a conspiracy between distinct actors. "[I]t is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy." *Kerr v. Rose*, 216 Cal.App.3d 1551, 1564 (1990). Defendant argues that because Plaintiff alleged "TAG operates as a part of Duane Morris," she cannot allege a conspiracy between distinct actors. [Compl. ¶ 150.] However, liberal pleading standards permit Plaintiff to plead her claims in the alternative as she has done here. *See Anderson v. Edward D. Jones & Co., L.P.*, 990 F.3d 692, 700-01 (9th Cir. 2021).

Plaintiff may require discovery before she can determine whether TAG is a legally distinct entity. *See Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir.1986) (trial court has "broad discretion to permit or deny discovery"). Plaintiff also may require discovery to determine whether individual actors played a role in the conspiracy and whether those actors are legally distinct from Duane Morris. [*Id.* at 27.] Because these factual determinations will inform the viability of Plaintiff's conspiracy claim, the Court declines to dismiss this claim.

Defendant also seeks to dismiss Plaintiff's conspiracy claim to the extent it seeks recovery of withheld taxes and to the extent it seeks recovery of amounts exclusively available under the California Labor Code. As discussed in Section C, Plaintiff has not alleged a cause of action allowing her to bring a lawsuit to recover withheld taxes. Therefore, the Court denies Defendant's motion to dismiss Plaintiff's conspiracy claim to the extent it seeks recovery of withheld taxes as moot.

Moreover, it is not readily apparent if the amounts Plaintiff seeks under the conspiracy claim overlap with the amounts available under the California Labor Code. Defendant may brief the Court on how the California Labor Code prevents Plaintiff from

recovering under a conspiracy claim, but declines to address this issue at the motion to dismiss stage.

### H. Breach of Fiduciary Duty and Professional Negligence

Defendant argues that the Court should dismiss Plaintiff's twelfth cause of action for breach of fiduciary duty and thirteenth cause of action for professional negligence in part because Plaintiff does not allege a relationship giving rise to a fiduciary duty owed by Duane Morris. To state a claim for breach of fiduciary duty, Plaintiff must allege (1) the existence of a fiduciary relationship, (2) breach of fiduciary duty, and (3) damages. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 820 (2011).

Plaintiff alleges that both Duane Morris and TAG owe a fiduciary duty to the non-equity partner class. [Compl. ¶ 158; Doc. No. 26 at 22–23.] The determination of an employer-employee relationship involves a mixed question of law and fact. *Pro. & Exec. Leasing, Inc. v. Comm'r*, 862 F.2d 751, 753 (9th Cir. 1988).

According to Plaintiff, because Plaintiff accepted Duane Morris' offer for tax advice and Duane Morris controls TAG, Duane Morris formed an attorney-client relationship with Plaintiff by offering and providing tax advice. [Compl. ¶ 150; Doc. No 26 at 24.] When a party seeking legal advice consults an attorney and secures that advice, the attorney-client relationship is established prima facie. *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal.4th 1135, 1148 (1999). "A fiduciary relationship is created where a person reposes trust and confidence in another and the person in whom such confidence is reposed obtains control over the other person's affairs." *Lynch v. Cruttenden & Co.*, 18 Cal.App.4th 802, 809 (1993) (citation omitted). Plaintiff has also alleged that TAG owes her a fiduciary duty. [Compl. ¶ 158.] Accountants, like lawyers, owe a fiduciary duty to their clients. *Wolf v. Superior Ct.*, 107 Cal. App. 4th 25, 40 (2003) (Johnson, J., concurring). Plaintiff has alleged the existence of a fiduciary relationship between her and both Duane Morris and TAG.

Next, Plaintiff alleges Duane Morris and TAG breached their fiduciary duties to their non-equity partner clients by failing to act with the utmost good faith, failing to act in the

best interest of the non-equity partner clients, and acting in loyalty to Duane Morris instead of the non-equity partner clients. [Compl. ¶ 158.] Finally, Plaintiff alleges that by taking TAG's tax advice at the guidance of Duane Morris, Plaintiff was harmed. [Compl. ¶ 111—123.] Plaintiff has sufficiently alleged the elements of breach of fiduciary duty for both Duane Morris and TAG.

To state a claim for professional negligence, Plaintiff must allege the same elements as breach of fiduciary duty as well as a causal connection between the negligent conduct and the resulting injury. *Oasis West Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011). Plaintiff alleges that Defendants engaged in a scheme to defraud non-equity partners, and Defendants' conduct was a substantial factor in causing Plaintiff's harm in the form of loss of wages. [*See* Compl. ¶ 111—123; Compl. ¶ 160.]

Because Plaintiff has plausibly stated claims of breach of fiduciary duty and professional negligence, the Court denies Defendant's motion to dismiss Plaintiff's twelfth and thirteenth causes of action.

## I. Unjust Enrichment

Defendant argues that Plaintiff's fourteenth cause of action for unjust enrichment fails to state a claim because it seeks damages for which the California Labor Code provides the exclusive remedy, and Plaintiff does not allege the absence of an adequate remedy at law.

Under California law, the elements of unjust enrichment are: (1) receipt of a benefit; and (2) the unjust retention of the benefit at the expense of another. *Peterson v. Cellco P'ship*, 164 Cal.App.4th 1583, 1593 (2008). As discussed in this Order, Plaintiff claims that Defendants unjustly obtained a benefit at Plaintiff's expense. [Compl. ¶ 167–169.] To bring a claim for unjust enrichment, Plaintiff must allege that she lacks an adequate remedy at law. *See Sonner*, 971 F.3d at 844. Plaintiff has alleged that she does not have adequate remedies at law. [*See* Compl. ¶ 63.] Therefore, Plaintiff has sufficiently pled a claim for unjust enrichment.

As discussed in Section D, while Plaintiff cannot recover at both law and equity, the Court permits alternative pleading at the motion to dismiss stage. *Warren v. Whole Foods Mkt. Cal., Inc.*, No. 21-cv-04577-EMC, 2022 WL 2644103, at *9 (N.D. Cal. July 8, 2022). Therefore, the Court denies Defendant's motion to dismiss Plaintiff's unjust enrichment claim.

### J. Accounting

Defendant argues that Plaintiff's fifteenth cause of action for accounting fails to state a claim because it identifies a remedy rather than stating a cause of action. Under California law, an accounting is generally an equitable remedy. *See Batt v. City & Cnty. of San Francisco*, 155 Cal.App.4th 65, 82 (2007). However, a plaintiff may assert a claim for accounting if he can show that "a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due [to] the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal.App.4th 156, 179 (2009) (citations omitted). Plaintiff has alleged that Plaintiff and Defendants have an attorney-client relationship and Defendants owe Plaintiff a fiduciary duty. [Compl. ¶ 158.] Further, Plaintiff has alleged that she does not know the precise amounts owed to her and can only ascertain that information through an accounting of Duane Morris' books and records. [Compl. ¶ 158]; *See Hands on Video Relay Servs., Inc. v. Am. Sign Language Servs. Corp.*, No. CIV. S-09-996 LKK, 2009 WL 8691614, at *15 (E.D. Cal. Aug. 12, 2009) (allowing an accounting claim to proceed where plaintiff could not determine loss suffered). Therefore, Plaintiff's accounting claim may proceed.

### K. Quantum Meruit

Defendant argues that Plaintiff's sixteenth cause of action for quantum meruit fails to state a claim because it seeks damages for which the California Labor Code provides the exclusive remedy, and Plaintiff does not allege the absence of an adequate remedy at law. Like the claims for unfair competition and unjust enrichment, Plaintiff must plead that she cannot adequately recover at law. *See Kooiman v. Siwell, Inc.*, No. 8:20-CV-00565-JLS-DFM, 2022 WL 2287310, at *4 (C.D. Cal. June 23, 2022) (quantum meruit is an equitable

remedy and is usually unavailable where the remedy at law is adequate). As discussed, Plaintiff has alleged that she does not have adequate remedies at law. [*See* Compl. ¶ 63].

The elements of quantum meruit are: (1) that the plaintiff performed certain services for the defendant, (2) their reasonable value, (3) that they were rendered at defendant's request, and (4) that they are unpaid. *See Cedar Sinai Medical Center v. Mid-West Nat. Life Ins., Co.* 118 F. Supp. 2d 1002, 1013 (C.D. Cal. 2000) (citing *Haggerty v. Warner*, 115 Cal.App.2d 468, 475 (1953)). As discussed above, Plaintiff alleged sufficient facts that she performed work for Duane Morris, and Duane Morris did not compensate her for the reasonable value of her work. Accordingly, the Court concludes that Plaintiff has adequately pled the elements of her claim for quantum meruit. Resultingly, the Court rejects Defendant's motion to dismiss Plaintiff's claim for quantum meruit.

### L. Restitution

Defendant argues that Plaintiff's seventeenth cause of action for restitution fails to state a claim because it seeks damages for which the California Labor Code provides the exclusive remedy, identifies remedies rather than stating a cause of action, and seeks recovery of withheld taxes. However, "restitution" is just another name for the cause of action known as "unjust enrichment," so a plaintiff cannot assert both claims at once. *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). The fourteenth cause of action for unjust enrichment and the seventeenth cause of action for restitution are one and the same. Because Plaintiff's restitution claim duplicates her unjust enrichment claim, the Court dismisses Plaintiff's seventeenth cause of action without leave to amend.

### IV. CONCLUSION

For the reasons set forth above, the Court:

(1) **DENIES** Duane Morris' motion to dismiss Plaintiff's breach of contract claim, fraud claim, violation of business and professions code §§17200 claim, conspiracy to commit fraud claim, negligent misrepresentation claim, breach of fiduciary duty claim, professional negligence claim, unjust enrichment claim, accounting claim, and quantum meruit claim;

(2) **GRANTS** Duane Morris' motion to dismiss Plaintiff's declaratory judgment claim against Duane Morris with leave to amend;

(3) **GRANTS** Duane Morris' motion to dismiss Plaintiff's failure to make required withholdings claim against Duane Morris and DOES 1-200 with leave to amend; and,

(4) **GRANTS** Defendant's motion to dismiss Plaintiff's restitution claim against Duane Morris and DOES 1-200 without leave to amend.

Should Plaintiffs wish to amend their complaint, they must do so by **August 22, 2025**. If no amended complaint is filed by this date, this case will continue on Plaintiff's remaining claims, and Defendants must answer the complaint by **September 5, 2025**.

It is **SO ORDERED**.

Dated: August 1, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge