1 | **PROSKAUER ROSE LLP**
ANTHONY J. ONCIDI (SBN 118135)
2 | GREGORY W. KNOPP (SBN 237615)
PHILIPPE A. LEBEL (SBN 274032)
3 | aoncidi@proskauer.com
gknopp@proskauer.com
4 | plebel@proskauer.com
2029 Century Park East, Suite 2400
5 | Los Angeles, CA 90067
Telephone:  310-557-2900
6 | Facsimile:  310-557-2193

7 | ELISE M. BLOOM (*pro hac vice*)
ebloom@proskauer.com
8 | Eleven Times Square
New York, NY 10036
9 | Telephone: 212-969-3000
Facsimile: 212-969-2900

10

11 | Attorneys for Defendant
Duane Morris LLP

12

13 | **UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

14

15 | MEAGAN GARLAND, on behalf of herself and all others similarly
16 | situated.

17 | Plaintiff,

18 | vs.

19 | DUANE MORRIS LLP, a business entity; TAX ACCOUNTING
20 | GROUP, a business entity, and DOES 1 through 200, inclusive,

21

22 | Defendants.

Case No. 3:24-cv-01783-CAB-DEB

**DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS**

[PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT]

Date:        October 10, 2025
Ctrm:        15A

Date Action Filed: July 31, 2024

23

24

25

26

27

28

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 10, 2025, in Courtroom 15A on the 15th Floor of the above-entitled Court, located at 333 West Broadway, San Diego, California, 92101, defendant Duane Morris LLP ("Duane Morris") will and does hereby move the Court to partially dismiss Plaintiff Meagan Garland's ("Garland" or "Plaintiff") First Amended Class Action Complaint (the "FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds[1]:

1.    The following counts fail to state a claim to the extent they allege a failure to withhold taxes because a plaintiff has no right of action to challenge an alleged employer's tax-withholding practices: Fourth Cause of Action for Breach of Contract, Fifth Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing, Seventh Cause of Action for Violation of the Business and Professions Code, Eighth Cause of Action for Fraud, Ninth Cause of Action for Conspiracy to Commit Fraud, Eleventh Cause of Action for Breach of Fiduciary Duty, and Twelfth Cause of Action for Professional Negligence.

2.    The following counts fail to state a claim to the extent they purport to redress an injury Garland allegedly suffered by paying a portion of the Firm's taxes because that allegation contradicts her judicial admission and improperly asserts a tax refund claim: Fourth Cause of Action for Breach of Contract, Fifth Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing, Eighth Cause of Action for Fraud, Ninth Cause of Action for Conspiracy to Commit Fraud, Eleventh Cause of Action for Breach of Fiduciary Duty, and Twelfth Cause of Action for Professional Negligence.

In the alternative, Duane Morris will and does hereby move the Court for an order striking as redundant and/or immaterial the following paragraphs in the FAC pursuant to Federal Rule of Civil Procedure 12(f)(1) on the grounds that Garland has

---

[1] The Complaint names a second defendant, Tax Accounting Group, which is part of Duane Morris and not a distinct entity, as Garland concedes.  FAC ¶ 150.

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS

no basis to challenge the Firm's tax-withholding practices or to sue the Firm to redress allegedly overpaying taxes:

- Paragraphs 29(c) and (f);
- Paragraphs 32(a), (e), and (f);
- Paragraphs 54(b) and (c);
- Paragraph 84;
- Paragraph 85;
- Paragraph 93;
- Paragraph 94;
- Paragraph 95;
- Paragraphs 108(d) and (e);
- Paragraph 122;
- Paragraph 130;
- Paragraph 132;
- Paragraph 135;
- Paragraph 147;
- Paragraph 159; and
- Paragraph 164.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, any matter upon which the Court may take judicial notice, all pleadings and papers in the Court's file, and upon any argument made at the hearing on this Motion.

Dated: September 5, 2025                **PROSKAUER ROSE LLP**

By:  */s/ Gregory W. Knopp*
Gregory W. Knopp
Elise M. Bloom (*pro hac vice*)
Anthony J. Oncidi
Philippe A. Lebel
Attorneys for Defendant
Duane Morris LLP

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS

1

# TABLE OF CONTENTS

2   I.      INTRODUCTION ..................................................................................................1

3   II.     BACKGROUND .................................................................................................3

4   III.    LEGAL ARGUMENT .........................................................................................4

5           A.      The Court Should Dismiss Garland's Tax-Withholding Claims. ..............4

6           B.      The Court Should Dismiss Garland's Tax Refund Claims. ......................6

7                   1.      These Allegations Contradict Garland's Judicial Admission..........7

8                   2.      Garland Improperly Asserts Tax Refund Claims. ..........................7

9   IV.     CONCLUSION .................................................................................................10

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28a

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Abu-Assal v. Abu-Assal*
  2007 WL 10132367 (C.D. Cal. Sept. 21, 2007) ........................................................ 7

*Am. Title Ins. Co. v. Lacelaw Corp.*
  861 F.2d 224 (9th Cir. 1988) .................................................................................... 7

*Berera v. Mesa Med. Grp., PLLC*
  779 F.3d 352 (6th Cir. 2015) .................................................................................... 5

*Blech v. United States*
  595 F.2d 462 (9th Cir. 1979) .................................................................................... 9

*Brennan v. Sw. Airlines Co.*
  134 F.3d 1405 (9th Cir. 1998) .................................................................................. 8

*Bright v. Bechtel Petroleum, Inc.*
  780 F.2d 766 (9th Cir. 1986) .................................................................................... 5

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*
  824 F.3d 1156 (9th Cir. 2016) .................................................................................. 4

*Church of Scientology of Cal. v. United States*
  920 F.2d 1481 (9th Cir. 1990) .................................................................................. 9

*Columbia Marine Servs., Inc. v. Reffet Ltd.*
  861 F.2d 18 (2d Cir. 1988) ....................................................................................... 8

*Davis v. Vestwell Holdings, Inc.*
  2024 WL 5245250 (D. Kan. Dec. 30, 2024) ............................................................ 5

*Edgar v. Inland Steel Co.*
  744 F.2d 1276 (7th Cir. 1984) .................................................................................. 5

*Ednacot v. Mesa Med. Grp., PLLC*
  790 F.3d 636 (6th Cir. 2015) .................................................................................... 8

*Frierson v. D.C. Hous. Auth.*
  2025 WL 2192737 (D.D.C. Aug. 1, 2025) ............................................................... 5

ii                                          3:24-cv-01783-CAB-DEB

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS

*Glanville v. Dupar, Inc.*
   727 F. Supp. 2d 596 (S.D. Tex. 2010).................................................................. 6

*Hill v. Opus Corp.*
   841 F. Supp. 2d 1070 (C.D. Cal. 2011).............................................................. 4

*Levy v. World Wrestling Ent., Inc.*
   2009 WL 455258 (D. Conn. Feb. 23, 2009)........................................................ 6

*McDonald v. S. Farm Bureau Life Ins. Co.*
   291 F.3d 718 (11th Cir. 2002) ........................................................................... 5

*Minichino v. La Rosa*
   2024 WL 3642188 (N.D. Cal. Aug. 1, 2024)..................................................... 5

*RAJMP, Inc. v. United States*
   2020 WL 905592 (S.D. Cal. Feb. 25, 2020)...................................................... 9

*Romero v. Securus Techs., Inc.*
   2017 WL 1166365 (S.D. Cal. Mar. 29, 2017).................................................... 4

*Rumfelt v. Jazzie Pools, Inc.*
   2011 WL 2144553 (E.D. Va. May 31, 2011)..................................................... 6

*Torrance Redevelopment Agency v. Solvent Coating Co.*
   763 F. Supp. 1060 (C.D. Cal. 1991).................................................................. 4

*Umland v. PLANCO Fin. Servs., Inc.*
   542 F.3d 59 (3d Cir. 2008) ........................................................................... 5, 8

*Whittlestone, Inc. v. Handi-Craft Co.*
   618 F.3d 970 (9th Cir. 2010)............................................................................. 4

**CALIFORNIA CASES**

*Loeffler v. Target Corp.*
   58 Cal. 4th 1081 (2014)..................................................................................... 8

**FEDERAL RULES**

Fed. R. Civ. P. 12(a)(4)(A) ................................................................................. 2

Fed. R. Civ. P. 12(b)(6) ................................................................................... 1, 4

Fed. R. Civ. P. 12(f)(1) .................................................................................... 1, 4

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS

1

**FEDERAL STATUTES**

2  26 U.S.C. § 3403 ................................................................................................. 5

3  26 U.S.C. § 7421(a) ........................................................................................... 8

4  26 U.S.C. § 7422 ................................................................................... 2, 7, 8, 9

5  Federal Insurance Contributions Act (FICA) ...................................................... passim

6

7  **CALIFORNIA STATUTES**

8  Cal. Unemp. Ins. Code § 13070(a) ...................................................................... 5

9  **OTHER AUTHORITIES**

10  Cal. Const. Article 13, § 32 ................................................................................. 8

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS

## I.    INTRODUCTION

In July 2024, plaintiff Meagan Garland, then a partner of the law firm Duane Morris LLP ("Duane Morris" or the "Firm"), filed a complaint challenging the Firm's "classification" of her as a partner.[2]  Despite actively seeking a promotion to partner, accepting the promotion while knowing exactly what being a partner entails, and enjoying all the benefits of partnership thereafter, Garland claimed she was merely *an employee* of the Firm.  In time, discovery will prove this contention wrong, as Garland was a genuine partner of Duane Morris whom the Firm always compensated and otherwise treated fairly and consistently with the law.

For now, however, Duane Morris addresses one aspect of Garland's suit: her misplaced challenges to the Firm's tax practices.  In her first complaint, Garland claimed that, due to the alleged "classification," Duane Morris failed to withhold employment taxes and unlawfully "shifted" the Firm's tax obligations to her.  The Firm moved to dismiss her complaint in part, arguing that Garland has no basis in law to challenge the Firm's tax withholding practices or seek recovery of taxes the Firm withheld.

The Court granted the motion in relevant part.  The Court agreed that Garland cannot sue the Firm over its tax-withholding practices.  In addition, consistent with Garland's representations in her opposition that she does *not* claim she overpaid taxes, the Court found that Garland did not seek to recover taxes the Firm withheld.

Garland defied the Court's order in amending her complaint.  Although she did not try to revive the dismissed tax-withholding count directly, she re-pled the same tax-withholding allegations in support of *other* causes of action.  Further, despite previously insisting she had not overpaid taxes, she repeatedly alleges the Firm "harmed" her by requiring her to pay the Firm's taxes, which can only mean she *does* claim an overpayment.  Duane Morris hereby moves to dismiss Garland's tax claims or, alternatively, to strike these tax allegations.

---

[2] Although her amended complaint alleges that Garland currently is a partner of Duane Morris, she, in fact, is no longer affiliated with the Firm.

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS

1    First, as the Court held, Garland may not sue her alleged employer to challenge

2    its tax-withholding practices.  The reason is not just that the Internal Revenue Code

3    provides no private right of action, but also because tax law enforcement is the

4    exclusive domain of *the government*.  Accordingly, courts consistently hold claims

5    challenging tax withholding practices are statutorily barred, no matter how the

6    plaintiff styles the claims.  Simply put, Garland may not revive her dismissed tax-

7    withholding claim by repleading it as a breach of contract or a tort.

8    Second, the Court should dismiss Garland's claims alleging the Firm forced her

9    to bear its tax obligations.  The crux of these allegations is that Garland overpaid

10   taxes, despite previously representing the opposite.  The Court should treat her prior

11   representation as a judicial admission that bars her from pursuing claims to the

12   contrary.  But regardless, Garland cannot sue Duane Morris for the "harm" she

13   suffered by paying partnership taxes because the Internal Revenue Code bars suits

14   "for the recovery of any internal revenue tax alleged to have been erroneously or

15   illegally assessed or collected[.]"  26 U.S.C. § 7422(a, f).  A suit for damages because

16   the Firm allegedly shifted its tax obligations to Garland, causing her to overpay taxes,

17   is an impermissible "tax refund" suit in disguise.  Garland's recourse to redress

18   allegedly overpaid taxes lies with the government instead.

19   In short, Garland has no basis to sue her former law firm for either its tax-

20   withholding practices or any harm she suffered because the Firm allegedly caused her

21   to overpay taxes.  The Court decided these issues already, but Garland ignored the

22   Court's ruling.  Therefore, the Court should dismiss, without leave to amend,

23   Garland's counts alleging tax improprieties or, alternatively, strike the allegations

24   asserting such claims.[3]

25   ///

26   ///

27

28   [3] Filing this motion suspends Duane Morris's time in which to answer the amended complaint.  *See* Fed. R. Civ. P. 12(a)(4)(A), 12(f)(2).

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS

## II.   BACKGROUND

In July 2024, Garland, then a partner of Duane Morris, filed a complaint against her law firm contending Duane Morris "unlawfully classifie[d]" her as a partner rather than an employee.  Dkt. No. 1 ("Complaint") ¶ 1.  She asserted various statutory and common law claims, including her seventh cause of action for "Failure to Make Required Withholdings."  *Id.* ¶¶ 101–05.  Garland alleged, for example, that the Firm "failed to make the required withholdings, including but not limited to FICA [Federal Insurance Contributions Act], federal and state payroll taxes, and other required federal and state withholdings for employees."  *Id.* ¶ 104.

Duane Morris moved to dismiss the seventh cause of action, among others.  The Firm argued that a plaintiff may neither sue their alleged employer over its tax withholding practices nor seek recovery of taxes allegedly wrongfully withheld.  *See* Dkt. 14 at 9–10 (citing authorities explaining that the recourse to challenge allegedly improper tax withholdings is an action against the government).

Garland conceded these points in her opposition.  She did not argue that she had any basis to sue an alleged employer for the failure to withhold taxes.  Further, she assured the Court that she does not seek damages based on taxes she paid: "Ms. Garland does *not* allege the U.S. Government was over- or under-paid."  Dkt. No. 26 at 9 (emphasis added); *id.* (comparing her case to one where "Plaintiff explicitly stated he is not seeking a tax refund as part of his damages assessment") (citation omitted).

The Court granted the Firm's motion in relevant part, dismissing Garland's seventh cause of action for the alleged failure to withhold taxes.  *See* Dkt. No. 36 ("Order") at 6–7.  The Court held that a plaintiff has no private right of action to challenge an alleged employer's tax withholding practices.  *Id.*  The Court further held that Garland "has not alleged a cause of action allowing her to bring a lawsuit to recover withheld taxes."  *Id.* at 10.  The Court dismissed the seventh count with leave to amend, finding "Plaintiff has not given adequate notice to Defendants of the exact nature of the tax claims brought against them."  *Id.* at 7.

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS

1    In response to this order, Garland filed a first amended complaint ("FAC").  *See*

2   Dkt. No. 37.  While she did not try to revive the dismissed tax-withholding cause of

3   action directly, she instead re-pled the same tax withholding allegations in support of

4   *other* causes of action, in disregard of the Court's ruling.  *See, e.g.*, *id.* ¶ 845 (in

5   support of her breach of contract claim, alleging the Firm acted "in breach of its

6   contract" "[b]y failing to pay payroll taxes and FICA for its misclassified

7   employees[.]").  Moreover, despite previously insisting she had not overpaid taxes,

8   she repeatedly alleges the Firm "harmed" her by allocating her "a share of the Firm's

9   federal and state taxes."  *See, e.g.*, *id.* ¶ 122.

10   **III.   LEGAL ARGUMENT**

11          A court must dismiss a claim under Federal Rule Civil Procedure 12(b)(6) if it

12   does not allege facts supporting a cognizable legal theory.  *See Caltex Plastics, Inc. v.*

13   *Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).[4]  Garland's claims

14   alleging tax improprieties fail this test.  Alternatively, the Court can strike these

15   allegations pursuant to Rule 12(f).  *See Torrance Redevelopment Agency v. Solvent*

16   *Coating Co.*, 763 F. Supp. 1060, 1067–68 (C.D. Cal. 1991) (granting motion to strike

17   portions of complaint seeking relief not available under the law); *see generally*

18   *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (motions to

19   strike serve "to avoid the expenditure of time and money that must arise from

20   litigating spurious issues") (internal quotation marks and citations omitted).

21          **A.       The Court Should Dismiss Garland's Tax-Withholding Claims.**

22          As the Court held, a plaintiff cannot sue their alleged employer to challenge

23   tax-withholding practices.  Order at 6-7.  The reason courts consistently preclude such

24   claims is not simply because the Internal Revenue Code provides no right of action,

---

25          [4] Courts may dismiss causes of action in part to the extent they fail to assert

26   cognizable theories.  *See Romero v. Securus Techs., Inc.*, 2017 WL 1166365, at *1–3
    (S.D. Cal. Mar. 29, 2017) (granting motion to dismiss fraud cause of action to the

27   extent it concerned statements made by one defendant); *Hill v. Opus Corp.*, 841 F.
    Supp. 2d 1070 (C.D. Cal. 2011) (granting Rule 12(b)(6) motion as to part of claim

28   that was preempted by federal law).

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS

1  but also because *only the government* can enforce the tax laws.  *See Bright v. Bechtel*

2  *Petroleum, Inc.*, 780 F.2d 766, 770 (9th Cir. 1986); *Minichino v. La Rosa*, 2024 WL

3  3642188, at *3 (N.D. Cal. Aug. 1, 2024) ("Although the federal government can bring an

4  enforcement action if an employer fails to pay those taxes, an employee has no right to

5  enforce that requirement by bringing a lawsuit on her own behalf against the employer.").

6  Thus, federal law specifically *bars* these suits.  26 U.S.C. § 3403 ("The employer shall be

7  liable for the payment of the tax required to be deducted and withheld under this chapter,

8  *and shall not be liable to any person for the amount of any such payment*.") (emphasis

9  added); *see also* Cal. Unemp. Ins. Code § 13070(a) ("The employer shall be liable for the

10  payment of the tax required to be deducted and withheld under Section 13020, and shall

11  not be liable to any person for the amount of such payment.").

12      Accordingly, courts across the country consistently reject claims challenging an

13  employer's tax withholding practices no matter how the plaintiff presents the claim.

14  *See, e.g.*, *Bright*, 780 F.2d at 770 (affirming dismissal of breach of contract claim

15  challenging withholding of income taxes); *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d

16  352, 358 (6th Cir. 2015) (affirming dismissal where plaintiff "artfully pleaded a FICA

17  claim as state-law claims for unpaid wages"); *Umland v. PLANCO Fin. Servs., Inc.*, 542

18  F.3d 59, 67–69 (3d Cir. 2008) (affirming dismissal of breach of contract and unjust

19  enrichment claims challenging tax deductions); *McDonald v. S. Farm Bureau Life Ins.*

20  *Co.*, 291 F.3d 718, 722 (11th Cir. 2002) (affirming dismissal of breach of contract, unjust

21  enrichment, and negligent and fraudulent misrepresentation claims based on defendant's

22  alleged "fail[ure] to pay its portion of" FICA taxes); *Edgar v. Inland Steel Co.*, 744 F.2d

23  1276, 1278–79 (7th Cir. 1984) (affirming dismissal of breach of contract claims

24  challenging income tax withholding).[5]

25      _____

26  [5] *See also Frierson v. D.C. Hous. Auth.*, 2025 WL 2192737, at *1 (D.D.C. Aug. 1, 2025) (dismissing breach of contract claims alleging withholding of "an inaccurate amount of his wages and contribut[ing] an inaccurate amount in taxes to the Internal

27  Revenue Service"); *Davis v. Vestwell Holdings, Inc.*, 2024 WL 5245250, at *4 (D. Kan. Dec. 30, 2024) (dismissing breach of contract claims alleging "Defendant

28  unlawfully withheld taxes from Plaintiff's compensation in violation of several

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS

1    Garland flouts this authority—and the Court's ruling—by reasserting her tax-

2 withholding allegations in support of various common law claims.  For example, in

3 support of her breach of contract and implied covenant counts, she alleges the Firm

4 acted in "breach of a contract" "[b]y failing to pay payroll taxes and FICA[.]"  FAC

5 ¶¶ 84, 93, 95.  She makes similar allegations in support of several other causes of

6 action, claiming the purported failure to withhold employment taxes is the "harm" she

7 suffered from tortious conduct.  *Id.* ¶¶ 95 (implied covenant claim) (alleging harm

8 because she paid "interest, penalties, and interest on loans to pay taxes that were not

9 properly withheld"); 108 (unfair competition claim) (alleging unlawful practices

10 including "failing to conduct required Federal and State withholdings" and "to pay

11 payroll taxes"); 122 (fraud claim) (alleging harm including "payment of payroll taxes

12 and FICA"); 135 (conspiracy claim) (same); 159 (breach of fiduciary duty claim)

13 (same); 164 (professional negligence claim) (same).

14    In each instance, Garland improperly recycles her dismissed tax-withholding

15 count to support various claims after the Court held that she has no private right of

16 action to challenge this conduct.  Consistent with its prior ruling, the Court should

17 dismiss Garland's claims to the extent they challenge the alleged failure to withhold

18 employment taxes or strike these allegations.

19    **B.    The Court Should Dismiss Garland's Tax Refund Claims.**

20    In support of several causes of action, Garland alleges the Firm "harmed" her

21 by requiring her to pay "a share of the Firm's federal and state taxes," thus claiming

22 she paid *too much* in taxes.  FAC ¶ 122 (fraud claim); *see also id.* ¶¶ 85 (alleging the

23 _____

24 statutes and the employment contract"); *Rumfelt v. Jazzie Pools, Inc.*, 2011 WL
2144553, at *6 (E.D. Va. May 31, 2011) (dismissing fraud and negligence claims
25 challenging failure to withhold, holding "an action for failure to withhold lies with the
government, and there is no private right of action permitting employees to sue
26 employers for failing to withhold taxes"); *Glanville v. Dupar, Inc.*, 727 F. Supp. 2d
596, 603–04 (S.D. Tex. 2010) (dismissing breach-of-fiduciary duty and negligent
27 misrepresentation claims "based on the alleged FICA and FUTA violations"); *Levy v.
World Wrestling Ent., Inc.*, 2009 WL 455258, at *2 (D. Conn. Feb. 23, 2009) (dismissing
28 breach of contract claim, finding "no private action to enforce the tax code").

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS

1  Firm "unlawfully" "allocate[ed] a share of the Firm's federal and state taxes" to her

2  "in breach of its contract"); 94 (implied covenant claim) (same); 135 (conspiracy

3  claim) (same); 159 (breach of fiduciary duty) (same); 164 (professional negligence

4  claim) (same).  The Court should dismiss these claims, or strike the allegations, both

5  because they contradict Garland's prior admission in opposing the motion to dismiss

6  and because they effectively seek a tax refund.

7               1.    These Allegations Contradict Garland's Judicial Admission.

8           In opposing the Firm's motion to dismiss, Garland defended her complaint in

9  part by insisting that she does not seek the recovery of overpaid taxes: "Ms. Garland

10  does *not* allege the U.S. Government was over- or under-paid."  Dkt. No. 25 at 9

11  (emphasis added).  The Court should hold her to this judicial admission.  As the Ninth

12  Circuit has explained, "statements of fact contained in a brief *may* be considered

13  admissions of the party in the discretion of the district court," in which case they are

14  "conclusively binding on the party who made them."  *Am. Title Ins. Co. v. Lacelaw*

15  *Corp.*, 861 F.2d 224, 226–27 (9th Cir. 1988) (original emphasis).

16          Having admitted she paid the proper amount of taxes, Garland may not allege

17  Duane Morris "harmed" her by requiring her to pay "a share" of the partnership's

18  taxes.  These allegations could only mean she *overpaid* taxes because of the Firm's

19  conduct, exactly the opposite of her prior admission.  The Court should preclude

20  Garland from amending her complaint in contradiction of her prior representation.

21  *See Abu-Assal v. Abu-Assal*, 2007 WL 10132367, at *5 (C.D. Cal. Sept. 21, 2007)

22  (treating prior assertions as judicial admissions where defendants asserted in briefs

23  that property constituted a community asset and later argued the opposite).

24               2.    Garland Improperly Asserts Tax Refund Claims.

25          Even if Garland's admission does not preclude her from suing over the "harm"

26  she allegedly suffered by paying "a share of the Firm's federal and state taxes," the

27  law does.  The Internal Revenue Code bars suits "for the recovery of any internal

28  revenue tax alleged to have been erroneously or illegally assessed or collected[.]"  26

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS

1  U.S.C. § 7422(a, f); *see also* 26 U.S.C. § 7421(a) (prohibiting "suit[s] for the purpose

2  of restraining the assessment or collection of any tax").  "[N]o suit may be brought for

3  overpayment of taxes until a claim for refund or credit has been duly filed with the

4  IRS," and, even then, "such a suit may be maintained only against the United States."

5  *Columbia Marine Servs., Inc. v. Reffet Ltd.*, 861 F.2d 18, 22 (2d Cir. 1988); *see also*

6  *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1412 (9th Cir. 1998) ("[W]here a

7  plaintiff sues to recover a sum that was collected as a tax, the plaintiff has sued for a

8  tax refund, even if the sum does not literally constitute an internal revenue tax.").[6]

9  The Sixth Circuit rejected similar allegations in *Ednacot v. Mesa Med. Grp.,*

10  *PLLC*, 790 F.3d 636 (6th Cir. 2015).  There, the plaintiff alleged her employer "had

11  withheld money from her paycheck to cover its overhead expenses, primarily [the

12  employer's] own federal FICA and FUTA taxes."  *Id*. at 637.  The court affirmed the

13  dismissal of claims "related to [the employer's] federal employer taxes" finding them

14  "preempted by federal law because, in substance, they were claims to recover

15  wrongfully withheld taxes."  *Id*.  The court rejected the plaintiff's argument that

16  Section 7422 did not apply "because the taxes were employer (not employee) taxes,"

17  finding "Section 7422 was designed to funnel claims like [plaintiff's] through the

18  administrative machinery of the IRS rather than piecemeal through individual state

19  and federal lawsuits."  *Id*. at 639–40.

20  The Third Circuit reached a similar conclusion in *Umland*, 542 F.3d 59.  There,

21  the plaintiff alleged the defendant unlawfully deducted its share of FICA taxes from

22  her paychecks.  The court found the claims preempted by Section 7422.  The court

23  rejected the plaintiff's argument that the claims fell outside the statutory bar because

24  the defendant had "received the benefit from the [tax] wrongfully collected for her,

25  and thus any repayment must come from [defendant], not the Government."  *Id*. at

26

27  [6] The California Constitution also places strict limits on suits seeking tax refunds.  *See* Cal. Const. Art. 13, § 32; *see also Loeffler v. Target Corp.*, 58 Cal. 4th 1081 (2014) (barring lawsuit against retail companies under consumer protection

28  statutes challenging sales tax).

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS

1  68–69.  Because "the sum of money at issue is a tax, *i.e.*, the employer FICA tax that

2  [defendant] owed to the Government," Section 7422 applied.  *Id.*

3       It makes no difference that the Firm did not directly collect the allegedly

4  overpaid taxes Garland apparently seeks to recover.  The prohibition on tax refund

5  lawsuits applies equally to claims based on "activities which are intended to or may

6  culminate in the assessment or collection of taxes."  *Blech v. United States*, 595 F.2d

7  462, 466 (9th Cir. 1979) (quoting *United States v. Dema*, 544 F.2d 1373, 1376 (7th

8  Cir. 1976)); *see also Church of Scientology of Cal. v. United States*, 920 F.2d 1481,

9  1486 (9th Cir. 1990) (same); *RAJMP, Inc. v. United States*, 2020 WL 905592, at *2

10  (S.D. Cal. Feb. 25, 2020).

11       Garland plainly alleges the Firm engaged in conduct culminating in the

12  wrongful collection of taxes.  She alleges the Firm issued various tax documents,

13  including Schedule K-1s, that represented that she was "responsible for . . . payment

14  of the Firm's tax obligations[.]"  FAC ¶¶ 111, 111(f); *see* Internal Revenue Serv. Pub.

15  No. 1065, U.S. Return of Partnership Income (2024), at 33 ("Generally, the

16  partnership is required to prepare and give a Schedule K-1 to each person who was a

17  partner in the partnership at any time during the year.").  Garland further alleges that,

18  in so doing, the Firm shifted its tax obligations to her, causing her harm.  *See, e.g.*,

19  FAC ¶ 28 (alleging the Firm began "assessing" to her a share of the Firm's tax

20  liability when she became a partner); 122 (alleging Garland was "harmed" because

21  she paid "a share of the Firm's federal and state taxes").[7]

22       In short, Garland claims the Firm wrongfully caused her to overpay taxes, and

23  she seeks damages to redress this alleged harm.  These allegations, to the extent not

24  barred by her prior admission, constitute a tax refund claim.  As a matter of law,

25  Garland's only recourse to address allegedly overpaid taxes lies with the tax

26  authorities.  Therefore, the Court should dismiss the claims alleging that the Firm

27

28       [7] Notably, Garland provides no specific allegations of how she was harmed
     when she insists that she did not overpay or underpay taxes.

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO
DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS

1  caused Garland injury by forcing her to pay a portion of its tax obligations or, in the

2  alternative, strike these allegations.

3  **IV.   CONCLUSION**

4        For the foregoing reasons, Duane Morris respectfully requests that the Court

5  dismiss, without leave to amend, Garland's claims to the extent they challenge tax-

6  withholding or allege the Firm caused her to overpay taxes.  Alternatively, the Court

7  should strike the tax-related allegations from the First Amended Complaint.

8

  Dated: September 5, 2025          **PROSKAUER ROSE LLP**

9

10

11            By:  */s/ Gregory W. Knopp*

12                 Gregory W. Knopp
               Elise M. Bloom (*pro hac vice*)

13                 Anthony J. Oncidi
               Philippe A. Lebel

14                 Attorneys for Defendant
               Duane Morris LLP

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT DUANE MORRIS LLP'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS