**PROSKAUER ROSE LLP**
ANTHONY J. ONCIDI (SBN 118135)
GREGORY W. KNOPP (SBN 237615)
PHILIPPE A. LEBEL (SBN 274032)
aoncidi@proskauer.com
gknopp@proskauer.com
plebel@proskauer.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone:   310-557-2900
Facsimile:   310-557-2193

ELISE M. BLOOM (*pro hac vice*)
ebloom@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone: 212-969-3000
Facsimile: 212-969-2900

Attorneys for Defendant
Duane Morris LLP

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEAGAN GARLAND, on behalf of herself and all others similarly situated. | Case No. 3:24-cv-01783-CAB-DEB |
| Plaintiff, | **DEFENDANT DUANE MORRIS LLP'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR STRIKE ALLEGATIONS** |
| vs. | |
| DUANE MORRIS LLP, a business entity; TAX ACCOUNTING GROUP, a business entity, and DOES 1 through 200, inclusive, | [PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT] |
| Defendants. | Date:        November 7, 2025<br>Ctrm:       15A |
| | Date Action Filed: July 31, 2024 |

REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS OR STRIKE ALLEGATIONS

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................. 1

II.    ARGUMENT ................................................................. 2

    A.    The Court Should Dismiss Garland's Tax-Withholding Claims. ............. 2

    B.    The Court Should Dismiss Garland's Tax Refund Claims. ................. 4

        1.    Garland Clearly Alleges The Firm Collected Money For Taxes. ... 4

        2.    Section 7422 Applies Regardless. ..................................... 5

        3.    Garland Also Alleges The Firm Illegally "Assessed" Taxes. ......... 7

        4.    Garland's Accountant Malpractice Cases Are Inapposite. ............. 9

        5.    Garland's Claims Are Tax Refund Claims In Disguise. .............. 10

III.    CONCLUSION ............................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Brennan v. Sw. Airlines Co.*
134 F.3d 1405 (9th Cir. 1998) ................................................................4, 6

*Bright v. Bechtel Petroleum, Inc.*
780 F.2d 766 (9th Cir. 1986) .................................................................3, 9

*Church of Scientology of Cal. v. United States*
920 F.2d 1481 (9th Cir. 1990) ...................................................................8

*Daines v. Alcatel, S.A.*
105 F.Supp.2d 1153 (E.D. Wash. 2000)......................................................9

*Didier v. G & C Auto Body, Inc.*
2017 WL 4863774 (N.D. Cal. Oct. 26, 2017) ............................................7

*DuPont Glore Forgan Inc. v. Am. Tel. & Tel. Co.*
428 F.Supp. 1297 (S.D.N.Y. 1977) .........................................................6, 7

*Eckert Cold Storage, Inc. v. Behl*
943 F. Supp. 1230 (E.D. Cal. 1996) .........................................................10

*Ednacot v. Mesa Med. Grp.*
2014 WL 2527095 (E.D. Ky. June 4, 2014), *aff'd in relevant part as modified*,
790 F.3d 636 (6th Cir. 2015) .....................................................................9

*Ednacot v. Mesa Med. Grp., PLLC*
790 F.3d 636 (6th Cir. 2015) ......................................................................5

*Ford v. Troyer*
25 F.Supp.2d 723 (E.D. La. 1998).............................................................3

*Fredrickson v. Starbucks Corp.*
840 F.3d 1119 (9th Cir. 2016) ...................................................................9

*Gagliardi v. Prager Metis CPAs, LLC*
738 F.Supp.3d 469 (S.D.N.Y. 2024) .......................................................10

*In re Air Transp. Excise Tax Litig.*
37 F.Supp.2d 1133 (D. Minn. 1999) ..........................................................6

REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS OR STRIKE ALLEGATIONS

*Matthew v. RCN Corp.*
   2012 WL 5834917 (S.D.N.Y. Nov. 14, 2012) ...................................................6

*Mikulski v. Centerior Energy Corp.*
   501 F.3d 555 (6th Cir. 2007) .........................................................................6

*RAJMP, Inc. v. United States*
   2020 WL 905592 (S.D. Cal. Feb. 25, 2020).................................................8

*Rumfelt v. Jazzie Pools, Inc.*
   2011 WL 2144553 (E.D. Va. May 31, 2011) ...............................................2

*Spilky v. Helphand*
   1993 WL 159944 (S.D.N.Y. May 11, 1993) .................................................3

*Umland v. PLANCO Fin. Servs. Inc.*
   542 F. 3d 59 (3rd Cir. 2008)............................................................................7

*United States v. Clintwood Elkhorn Min. Co.*
   553 U.S. 1 (2008).......................................................................................5, 9

*United States v. Neal*
   776 F.3d 645 (9th Cir. 2015) .........................................................................8

*Webster v. Fall*
   266 U.S. 507 (1925)........................................................................................9

CALIFORNIA CASES

*Int'l Engine Parts, Inc. v. Feddersen & Co.*
   9 Cal. 4th 606 (1995) ...................................................................................10

*Moss v. Duncan*
   36 Cal. App. 5th 569 (2019) ........................................................................10

OTHER STATE CASES

*O'Bryan v. Ashland*
   717 N.W. 2d 632 (S.D. 2006)......................................................................10

FEDERAL STATUTES

26 U.S.C. § 3403....................................................................................................2, 3

26 U.S.C. § 7421....................................................................................................4, 8, 9

REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS OR STRIKE ALLEGATIONS



26 U.S.C. § 7422................................................................................................passim

## I.    INTRODUCTION

Meagan Garland opposes Duane Morris's motion by ignoring both the Court's prior order and the allegations of her First Amended Complaint ("FAC").  After the Court dismissed her count alleging failure to withhold taxes, she simply recycled this rejected claim to attempt to support her common law counts, repeating that the Firm "fail[ed] to conduct required Federal and State withholdings."  FAC ¶ 108.  Duane Morris showed, with ample support, that the Internal Revenue Code bars suits challenging an alleged employer's tax-withholding practices because *only the government* may enforce the relevant tax laws.  Garland disregards this authority and offers no meaningful defense of her flagrant attempt to plead around the Court's dismissal of her tax-withholding claim.  Consistent with its prior ruling, the Court should dismiss Garland's claims to the extent they challenge the alleged failure to withhold taxes.

Duane Morris also moved to dismiss the various claims alleging the Firm forced Garland to overpay taxes because those claims effectively seek a tax refund, which the Internal Revenue Code precludes.  Garland again responds by contradicting her FAC.  She avers that the expansive statutory bar of tax-refund claims does not apply because "Duane Morris never acted as tax collector" (Opp. at 1), despite specifically alleging the opposite.  Throughout the FAC, Garland alleges the Firm kept her money to pay taxes, "assessed" partnership taxes against her, and required her to pay taxes as a partner.  These allegations put her claims squarely within the prohibition of claims "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected."  26 U.S.C. § 7422(a), (f).  Because a suit for damages based on overpaid taxes is a tax-refund suit in disguise, Garland's recourse (if any) lies with the tax authorities, not this Court.[1]

---

[1] Garland also purports to oppose the Motion ("Mot.") on procedural grounds (Opp. at 2), but she cites no cases supporting her position regarding Rule 12(b) and simply ignores the Firm's authorities on that point.  *See* Mot. at 4.

REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS OR STRIKE ALLEGATIONS

## II.    ARGUMENT

Garland improperly alleges tax improprieties in two distinct respects.  First, she challenges the Firm's *tax-withholding* practices, which Section 3403 of the Internal Revenue Code squarely precludes.  Second, she seeks damages for allegedly overpaid taxes, thus effectively seeking a *tax refund* in violation of Sections 7421 and 7422.

### A.    The Court Should Dismiss Garland's Tax-Withholding Claims.

Duane Morris showed that Garland may not repurpose her dismissed tax-withholding count to support her various common law claims after the Court explicitly held that she has no private right of action to challenge this conduct.  Mot. at 4-6.  Garland offers no meaningful defense of her recycled tax-withholding claims.

Remarkably, Garland contends "The First Amended Complaint is Not an Action for Tax . . . Withholding" (Opp. at 2), despite its repeated allegations to the contrary.  *See* FAC ¶¶ 84 (alleging "breach of a contract" "[b]y failing to pay payroll taxes and FICA"); *id.* ¶¶ 95 (implied covenant claim) (alleging harm because she paid "interest, penalties, and interest on loans to pay taxes that were not properly withheld"); 108 (unfair competition claim) (alleging unlawful practices including "failing to conduct required Federal and State withholdings" and "to pay payroll taxes"); 122 (fraud claim) (alleging harm including "payment of payroll taxes and FICA"); 135 (conspiracy claim) (same); 159 (breach of fiduciary duty claim) (same); 164 (professional negligence claim) (same).  Garland cannot avoid dismissal by pretending her contradictory judicial admissions do not exist.

The Internal Revenue Code bars lawsuits challenging an alleged employer's tax-withholding practices because *only the government* can enforce the relevant tax laws.  *See* 26 U.S.C. § 3403; Mot. at 5-6 (citing authorities).  This statutory bar applies equally to claims that allege a *failure* to withhold taxes, notwithstanding Garland's suggestion to the contrary.  *See Rumfelt v. Jazzie Pools, Inc.*, 2011 WL 2144553, at *6 (E.D. Va. May 31, 2011) (dismissing fraud and negligence claims challenging failure to withhold: "an action for failure to withhold lies with the government, and there is no

private right of action permitting employees to sue employers for failing to withhold taxes"); *Ford v. Troyer*, 25 F.Supp.2d 723, 726 (E.D. La. 1998) ("As for [defendant's] alleged failure to withhold federal income taxes, the court discovered no authority to support a private right of action.  Indeed, it would appear to be expressly forbidden in 26 U.S.C. § 3403.") (citations omitted); *Spilky v. Helphand*, 1993 WL 159944, at *4 (S.D.N.Y. May 11, 1993) (finding "absolutely no suggestion . . . that Congress intended to confer a private remedy for employees suffering from incorrect withholding or an employer's failure to pay certain taxes to the federal government").

Garland offers no cogent response to the many cases in which courts rejected tax-withholding challenges.  Rather than address this point directly, she ignores the tax-withholding cases and focuses on Duane Morris's cases addressing a different issue: claims for *tax refunds*.  *See* Opp. at 8-11; *see also* Mot. at 4-5 (discussing cases involving claims challenging tax-withholding practices).  These issues are distinct.  Garland simply cannot dispute that courts consistently preclude claims that challenge an alleged employer's *tax-withholding* practices.

Finally, Garland contends that, even if she has no private right of action to enforce the tax-withholding laws, she still can assert a claim for unfair competition on this basis, unless "the predicate cause of action is legislatively barred[.]"  Opp. at 14 (citation omitted).  But that is precisely the circumstance here: "[S]uits by employees against employers for tax withheld are '*statutorily barred*.'"  *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 770 (9th Cir. 1986) (citations omitted) (emphasis added).

In short, Garland offers no serious defense of her blatant attempt to plead around the Court's dismissal of her tax-withholding claim and completely ignores the statute and case law that foreclose this gambit.  Therefore, consistent with its prior ruling, the Court should dismiss or strike Garland's claims to the extent they challenge the alleged failure to withhold employment taxes.

REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS OR STRIKE ALLEGATIONS

**B.    The Court Should Dismiss Garland's Tax Refund Claims.**

Duane Morris separately moved to dismiss Garland's various claims alleging the Firm "harmed" her by forcing her to pay too much in taxes.  The Firm challenged these claims because they contradict Garland's prior admission that the government was *not* overpaid and because they impermissibly seek a tax refund.  Garland tries to side-step her admission by claiming she meant something entirely different: Although *she did* overpay her taxes, the Firm underpaid *its* taxes by an equal amount, leaving the government even.  Opp. at 16.  Garland does not allege any basis for knowing the Firm's tax payments or their effect on the government's coffers.  But regardless, even if the Court indulges this strained explanation of her prior admission, Garland's tax-refund claims remain improper.

The Internal Revenue Code bars lawsuits "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected" because the taxpayer's recourse lies with the government.  26 U.S.C. § 7422(a, f); *see also id.* § 7421(a) (prohibiting "suit[s] for the purpose of restraining the assessment or collection of any tax").  "[W]here a plaintiff sues to recover a sum that was collected as a tax, the plaintiff has sued for a tax refund[.]"  *Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1412 (9th Cir. 1998).  Garland does so here.

Garland's only response is to contend this statutory bar does not apply because "Duane Morris never acted as tax collector."  Opp. at 1; *see also id.* at 6 ("Here, the Firm did not collect or pay taxes on Ms. Garland's behalf.").  This position defies both her FAC and the broad preemptive reach of the Internal Revenue Code.

1.    Garland Clearly Alleges The Firm Collected Money For Taxes.

Despite her disingenuous argument to the contrary, Garland specifically alleges that Duane Morris collected money from her to pay taxes:

> [T]he Firm substantially interferes with Plaintiff and the Class Members' income to which they are lawfully entitled by knowingly or intentionally diverting same to pay taxes.

FAC ¶ 133; *see also id.* ¶ 32(e) (alleging the Firm "[w]ithholds money from non-equity partners' compensation" to "shift the taxation burden" to non-equity partners); ¶ 72 (alleging deductions from "wages to defray the Firm's . . . tax obligations"); ¶ 109 (alleging the Firm "violated . . . the U.S. Tax Code by intentionally avoiding paying Plaintiff and class members' wages and monies"); ¶ 111(f)(iv) (the Firm's alleged misrepresentations include statements that tax payments were "made for you by the Firm through withholding from your partnership distribution"); ¶ 111(f)(ix) (the alleged misrepresentations include statements that "Duane Morris paid some portion of the non-equity partner's taxes"); ¶ 111(g)(iii) (alleging the Firm "remits estimated tax payments" by "subtract[ing] directly from each electing partner's draw"); ¶ 130 (alleging "Plaintiff and Class Members did not owe taxes on amount[] of income they did not receive as a result of Defendant's . . . unlawful withholdings").

Having repeatedly alleged that Duane Morris withheld money from her for purposes of paying taxes, Garland cannot avoid Section 7422 by now contending the Firm did not act as tax-collector.  Rather, her allegations place her claims squarely within Section 7422's coverage.  *See Ednacot v. Mesa Med. Grp., PLLC*, 790 F.3d 636, 637 (6th Cir. 2015) (dismissing claims under Section 7422 where plaintiff alleged her employer "had withheld money from her paycheck to cover its overhead expenses, primarily [the employer's] own federal FICA and FUTA taxes").

## 2.  Section 7422 Applies Regardless.

In addition to contradicting the FAC, Garland's attempt to avoid Section 7422 rests on an overly narrow interpretation of the statute, which Congress intended "to have an *expansive reach*."  *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 7 (2008) (emphasis added) (plaintiff who failed to file refund claim with the IRS "may bring 'no suit' in 'any court' to recover 'any internal revenue tax' or 'any sum' alleged to have been wrongfully collected 'in any manner.'  Five 'any's' in one sentence and it begins to seem that the Congress meant the statute to have [an]

expansive reach.") (cleaned up).  None of Garland's cases categorically limits Section 7422 to instances wherein a defendant "collected" money and paid it to the IRS.[2]

Garland primarily relies on *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (6th Cir. 2007), which is inapposite.  In *Mikulski*, the court decided whether Section 7422 was "intended . . . to be a security holder's exclusive remedy for a company's misreporting of dividends," a question that has no relevance here.  *Id*. at 564.

More importantly, the *Mikulski* court's reasoning contravenes Ninth Circuit precedent.  In finding Section 7422 did not apply, the *Mikulski* court stressed that "the plaintiffs are not seeking a tax refund inasmuch as they are not accusing the IRS of any wrongdoing," because the IRS "merely relied on" the defendant's tax filings.  *Id*. at 565.  However, the Ninth Circuit has held that Section 7422 protects a defendant even when the IRS is an innocent bystander: for example, when a plaintiff challenges the defendant's imposition of a "tax" that was not statutorily authorized.  *Brennan v. Sw. Airlines Co*., 134 F.3d 1405 (9th Cir. 1998).  Although the IRS took no part in this alleged wrongdoing, Section 7422 still prohibited the lawsuit.  *See id.*

Nor do Garland's other cases support her narrow interpretation of Section 7422.  For example, Garland cites *In re Air Transportation Excise Tax Litigation*, 37 F.Supp.2d 1133 (D. Minn. 1999) (Opp. at 3), while ignoring that *Air Transportation* adopted a "narrow reading" of Section 7422 that "has been soundly rejected by other courts."  *Matthew v. RCN Corp.*, 2012 WL 5834917, at *6 (S.D.N.Y. Nov. 14, 2012) ("the rationale and holding of *Air Transportation* are in conflict with the expansive language of Section 7422 and the great weight of authority construing the statute") (collecting authority).  Moreover, unlike here, that case did not even involve a "tax" paid to the IRS.  37 F.Supp.2d at 1136.  Garland's reliance on *DuPont Glore Forgan*

---

[2] Garland devotes several pages of her opposition to arguing that cases Duane Morris cited "confirm" that Section 7422 protects defendants "who collect tax as an agent for the government," as she alleges here.  Opp. at 8-11.  Duane Morris cited many of these cases for a different point: The Internal Revenue Code bars suits challenging *tax-withholding* practices.  Mot. at 5.  Moreover, to the extent these cases also dismissed claims because the plaintiffs impermissibly sought tax refunds, none of them supports Garland's narrow reading of the statutory bar.

*Inc. v. American Telephone & Telegraph Co.*, 428 F.Supp. 1297 (S.D.N.Y. 1977) (Opp. at 6), is equally ineffectual.  While the *DuPont* court noted that Section 7422 protects "non-governmental collecting agents," it did not hold they are the statute's *only* beneficiaries.  *Id*. at 1301.[3]

Moreover, according to the FAC, Duane Morris plainly *did* act as tax-collector, regardless of whether it collected any money.  Garland alleges that the Firm dictated how she paid her taxes by issuing various tax forms, including a Schedule K-1.  *See*, *e.g.*, FAC ¶¶ 28, 111(f).  Regarding Schedule K-1, the IRS instructs as follows:

> Generally, the partnership is *required* to prepare and give a Schedule K-1 to each person who was a partner in the partnership at any time during the year.  Schedule K-1 *must* be provided to each partner on or before the day on which the partnership return is required to be filed.

Internal Revenue Serv. Pub. No. 1065, U.S. Return of Partnership Income (2024), at 33 (emphasis added).  Therefore, in claiming Duane Morris erred by treating her as a partner for tax purposes, Garland plainly challenges how the Firm carried out its tax-collector obligations.  In similar circumstances, courts find claims alleging increased tax liability preempted.  *See Umland v. PLANCO Fin. Servs. Inc.*, 542 F. 3d 59, 65 (3rd Cir. 2008) (where plaintiff alleged defendant caused her to overpay taxes by misclassifying her as an independent contractor rather than an employee, court dismissed the claims as preempted by IRS administrative remedies, which include filing Form SS-8 for worker-status determination, seeking a refund of self-employment taxes, and filing a tax refund suit against the government).

### 3.  Garland Also Alleges The Firm Illegally "Assessed" Taxes.

Garland's focus on whether Duane Morris "collected" taxes also ignores the full reach of the relevant statutes.  These statutes bar lawsuits for "any internal revenue tax alleged to have been erroneously or illegally *assessed or* collected."  26

---

[3] Garland cites *Didier v. G & C Auto Body, Inc.*, 2017 WL 4863774 (N.D. Cal. Oct. 26, 2017), in arguing just because her "damages include amounts paid to the IRS do not make this a tax refund case."  Opp. at 13.  However, unlike here, nothing in *Didier* indicates the plaintiff's "damages include[d] amounts paid to the IRS."

1   U.S.C. § 7422(a) (emphasis added); *see also* 26 U.S.C. § 7421(a) (prohibiting "suit[s]

2   for the purpose of restraining the *assessment* or collection of any tax") (emphasis

3   added).   Garland may not read "assessed" out of the law.  *See United States v. Neal*,

4   776 F.3d 645, 652 (9th Cir. 2015) ("We must 'interpret the statute as a whole, giving

5   effect to each word[.]'") (cleaned up) (citations omitted).

6       Indeed, Garland specifically alleges the Firm "assessed" taxes against her.  *See*

7   FAC ¶¶ 28 (upon her promotion to partner, "[t]he Firm . . . began *assessing to her a*

8   *share of the Firm's state tax liability*"), 115 (alleging the Firm "concealed that

9   Plaintiff . . . ha[s] no distributive share *from which to assess taxes on partnership*

10  *income*") (emphasis added).  She further alleges the Firm issued various tax

11  documents, including the Schedule K-1, representing that she was "responsible for . . .

12  payment of the Firm's tax obligations[.]"  FAC ¶¶ 111, 111(f); *see also id.* ¶ 7 ("TAG

13  calculates and allocates to each non-equity partner a share of the Firm-generated

14  partnership taxes[.]"); ¶ 29(c) (alleging the Firm "saddl[ed] its non-equity partners

15  with a self-employment tax obligation"); ¶ 85 (alleging the Firm "allocate[ed] a share

16  of the Firm's federal and state taxes to Plaintiff").  In so doing, she claims, the Firm

17  shifted its tax obligations to her, causing her harm.  *E.g.*, FAC ¶ 122 (alleging she was

18  "harmed" because she paid "a share of the Firm's federal and state taxes").

19      These allegations bring Garland's claims squarely within the ambit of Section

20  7422, regardless of whether the Firm "collected" taxes from her and paid them to the

21  IRS.  As Duane Morris explained, the prohibition on tax refund lawsuits extends to

22  claims based on "activities which are intended to or may culminate in the assessment

23  or collection of taxes."  *Blech v. United States*, 595 F.2d 462, 466 (9th Cir. 1979)

24  (quoting *United States v. Dema*, 544 F.2d 1373, 1376 (7th Cir. 1976)); *see also*

25  *Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1486 (9th Cir. 1990)

26  (same); *RAJMP, Inc. v. United States*, 2020 WL 905592, at *2 (S.D. Cal. Feb. 25,

27  2020).  Garland plainly alleges the Firm engaged in conduct culminating in the

28  wrongful collection of taxes.

REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS OR STRIKE ALLEGATIONS

1   Garland tries to avoid this authority by noting that the government was the

2   defendant in these cases, but the reasoning applies equally to private defendants when

3   a plaintiff accuses them of improperly assessing taxes.  *See Ednacot v. Mesa Med.*

4   *Grp.*, 2014 WL 2527095, at \*7 (E.D. Ky. June 4, 2014) (dismissing claim for private

5   employer's "improperly assessing federal taxes"), *aff'd in relevant part as*

6   *modified*, 790 F.3d 636 (6th Cir. 2015).  Indeed, Section 7421 unquestionably bars

7   suits against private defendants, not just the government.[4]  *See, e.g., Fredrickson v.*

8   *Starbucks Corp.*, 840 F.3d 1119, 1123-24 (9th Cir. 2016); *Bright*, 780 F.2d at 770;

9   *Daines v. Alcatel, S.A.*, 105 F.Supp.2d 1153, 1158 (E.D. Wash. 2000) ("[A]lthough

10  the prohibition on . . . injunctive relief has its most logical application in suits by

11  taxpayers against the IRS, the courts allow non-governmental defendants to use the

12  prohibition as a defense to injunctive relief.").  Therefore, Garland is simply wrong in

13  suggesting the prohibition against lawsuits that affect the assessment or collection of

14  taxes, like hers, applies only to "actions taken by the United States."  Opp. at 12.

15            4.    Garland's Accountant Malpractice Cases Are Inapposite.

16            Finally, Garland tries to avoid the preemptive force of the Internal Revenue

17  Code by relying on cases alleging negligence by tax-preparers and noting she merely

18  contends that "fraudulent or negligent tax advice and practices caused her economic

19  harm."  Opp. at 13-15.  Duane Morris committed no such misconduct, but regardless,

20  Garland's cases are inapposite.  They do not even mention, let alone analyze, Sections

21  7421 or 7422.  Of course, decisions are not authority for points they did not address.

22  *See Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the

---

[4] Garland notes that the "assessment" cases involve Sections 7421, the Anti-Injunction Act, rather than Section 7422 (Opp. at 12), but these two provisions work in concert.  *See Clintwood Elkhorn Mining Co.*, 553 U.S. at 13 ("Section 7422(a) states that 'no suit … shall be maintained in any court for the recovery of any *internal revenue tax* alleged to have been erroneously or illegally assessed or collected … until a claim for refund or credit has been duly filed with the' IRS.  This language generally tracks that of the Anti-Injunction Act, which also applies to suits 'restraining the assessment or collection of any tax.'") (cleaned up) (emphasis original).

record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

Moreover, none of these cases bears any resemblance to this one. In each, the plaintiff sought recovery because the IRS imposed additional tax liabilities or penalties, not, as here, because the plaintiff allegedly overpaid her taxes. *See Gagliardi v. Prager Metis CPAs, LLC*, 738 F. Supp. 3d 469 (S.D.N.Y. 2024) (late-filing penalties); *O'Bryan v. Ashland*, 717 N.W. 2d 632 (S.D. 2006) (IRS assessed interest on unpaid taxes); *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230 (E.D. Cal. 1996) (alleging increased liability from negligent tax-shelter advice); *Int'l Engine Parts, Inc. v. Feddersen & Co.,* 9 Cal. 4th 606 (1995) (penalties for negligent filing); *Moss v. Duncan*, 36 Cal. App. 5th 569 (2019) (fees to resolve tax liability).

### 5.    Garland's Claims Are Tax Refund Claims In Disguise.

In summary, Garland claims Duane Morris wrongfully caused her to overpay taxes, and she seeks damages to redress this alleged harm. These allegations constitute tax-refund claims in disguise, notwithstanding Garland's unsupported efforts to disavow the FAC and limit the preemptive reach of the Internal Revenue Code. As a matter of law, Garland's only recourse to address allegedly overpaid taxes lies with the tax authorities. Therefore, the Court should dismiss the claims alleging that the Firm injured Garland by forcing her to pay a portion of its tax obligations.

## III.    CONCLUSION

For the reasons set forth above and, in the Motion, Duane Morris respectfully requests that the Court dismiss or strike, without leave to amend, Garland's claims challenging tax-withholding or alleging the Firm caused her to overpay taxes.

Dated: October 31, 2025          **PROSKAUER ROSE LLP**


By:  */s/ Gregory W. Knopp*
         Gregory W. Knopp
         Attorneys for Defendant
         Duane Morris LLP

REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS OR STRIKE ALLEGATIONS