Bibianne U. Fell, Esq. (SBN 234194)
Marlee R. Horwitz, Esq. (SBN 340729)
**FELL LAW, P.C.**
***Mailing:*** 10531 4S Commons Dr., Ste 166-610
San Diego, CA 92127
***Personal Service:*** 10680 Treena Street, Suite 160
San Diego, CA 92131
Telephone: (858) 201-3960
Facsimile: (858) 201-3966
bibi@fellfirm.com
marlee@fellfirm.com

***Attorneys for Plaintiff and the Proposed Class***

**PROSKAUER ROSE LLP**
ANTHONY J. ONCIDI (SBN 118135)
GREGORY W. KNOPP (SBN 237615)
PHILIPPE A. LEBEL (SBN 274032)
aoncidi@proskauer.com
gknopp@proskauer.com
plebel@proskauer.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310-557-2900
Facsimile: 310-557-2193

ELISE M. BLOOM (*pro hac vice*)
ebloom@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone: 212-969-3000
Facsimile: 212-969-2900

***Attorneys for Defendant***
***Duane Morris LLP***

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEAGAN GARLAND, on behalf of herself and all others similarly situated.<br><br>Plaintiffs,<br><br>v.<br><br>DUANE MORRIS, LLP, a business entity; TAX ACCOUNTING GROUP, a business entity, and DOES 1 through 200, inclusive,<br><br>Defendants. | Case No: 3:24-cv-01783-CAB-DEB<br>Judge: Hon. Cathy A. Bencivengo<br><br>**JOINT DISCOVERY PLAN**<br><br>**CMC Hearing Date:** June 22, 2026<br><br>Complaint Filed: July 31, 2024 |

/ / /

On June 15, 2026, Plaintiff Meagan Garland ("Plaintiff") and Defendant Duane Morris, LLP ("Defendant" or the "Firm") held a telephone conference in accordance with Federal Rule of Civil Procedure 26(f)(3), the Court's April 30, 2026 Order, and the Civil Chamber Rules of the Honorable Daniel E. Butcher. During that conference, the parties discussed the matters required by Federal Rule 26(f), the Civil Chambers Rules, and orders of this Court. The parties now submit this Joint Discovery Plan.

## I. RULE 26(F) DISCOVERY ISSUES

### A. Rule 26(a) Disclosures (FRCP 26(f)(3)(A))

Plaintiff served her Initial Disclosures on May 27, 2026, and Defendant served its Initial Disclosures on June 5, 2026 pursuant to Federal Rule of Civil Procedure 26(a)(1). Each party reserves the right to supplement or amend those disclosures as discovery progresses and additional information becomes available, in accordance with Federal Rule of Civil Procedure 26(e). The parties will exchange the documents identified in their respective Initial Disclosures within 28 days of the Case Management Conference ("CMC") on June 22, 2026, provided that a protective order is in place.

### B. Anticipated Scope of Discovery (FRCP 26(f)(3)(B))

The Plaintiff's Complaint alleges claims arising out of Duane Morris's alleged employment misclassification of its fixed-compensation partners and pay equity discrimination against non-white and female attorneys. Plaintiff contends discovery will be needed on the following subjects:

1. **Misclassification Claims:** The Firm's policies, practices, and procedures governing the control, compensation, classification, and tax treatment of non-equity (fixed-compensation) partners Firmwide; compensation structures and deductions applied to fixed-compensation partners; agreements between the Firm and fixed-compensation partners; job duties of fixed-compensation partners; Firm management; Ms. Garland's classification as partner, the reasons therefore, and *Clackamas* factors.

/ / /

/ / /

2. **Pay Equity Claims:** Compensation data for the putative class and its comparators, including salary and bonus; compensation decision data including, billing rates, billable hours, originations, and any other factors that go into fixed-compensation partner compensation; the Firm's compensation decision-making process; compensation decision for Plaintiff and her comparators.
3. **Class Issues:** Whether the Firm's policies uniformly applied to all non-equity (fixed-compensation) partners nationally; Firm-wide compensation and classification data sufficient to establish the proposed classes.
4. **Tax Accounting Group (TAG):** TAG's role in providing tax services to fixed-compensation partners; the tax returns and K-1 packages prepared for Plaintiff and similarly situated fixed-compensation partners; TAG's involvement in the classification of fixed compensation partners as partners, and not employees; TAG's knowledge of the *Clackamas* factors as applied to Plaintiff and the putative class.

Defendant will take discovery regarding Plaintiff's individual claims and their suitability for class treatment, including whether and to what extend Plaintiff's performance issues affect her suitability as a class representative.

**Phasing:** The parties will attempt to bifurcate class issues and conduct discovery on those issues first. However, the parties anticipate substantial overlap and bifurcation may not be possible or practical. For example, the parties will likely want witnesses to be deposed once on all issues, rather than conduct multiple depositions of the same witness.

Plaintiff's proposed discovery schedule for phase 1 is as follows, with all of the time ranges following the CMC:

| | |
|---|---|
| Within 28 days | Documents listed in Initial Disclosures exchanged |
| Within 45 days | Initial round of written discovery |
| Within 90 days | Depositions |
| Within 135 days | Follow-up written discovery and depositions |

The parties reserve the right to request that the above discovery schedule be altered for unanticipated discovery issues, such as motion practice.

Plaintiff's proposed briefing schedule for her Motion for Class Certification is as follows, with all of the time ranges following the CMC:

| | |
|---|---|
| Within 180 days | Plaintiff to file her Motion for Class Certification |
| Within 225 days | Defendant to file its Opposition to Plaintiff's Motion for Class Certification |

Defendant's proposed briefing schedule for Plaintiff's Motion for Class Certification is as follows, with all of the time ranges following the CMC:

| | |
|---|---|
| Within 120 days | Plaintiff to file her Motion for Class Certification |
| Within 165 days | Defendant to file its Opposition to Plaintiff's Motion for Class Certification |

**C. Electronically Stored Information (FRCP 26(f)(3)(C))**

**Format:** The parties believe production of most documents in PDF will be sufficient. The parties agree that ESI may be produced in PDF, however, the parties agree that they will provide documents in native format where requested.

**Preservation:** The parties agree to cooperate in identifying and preserving relevant ESI.

**Potentially Inaccessible ESI:** The parties are not presently aware of ESI that is not reasonably accessible due to undue burden or cost. The parties reserve the right to raise issues under Federal Rule of Civil Procedure 26(b)(2)(B) if such information is identified.

**D. Privilege Issues (FRCP 26(f)(3)(D))**

The parties anticipate that claims of privilege may arise. The parties agree to produce privilege logs in compliance with the Honorable Daniel E. Butcher's Civil Chambers Rules, which require privilege logs to include: (1) date of document; (2) Bates-number range; (3) author; (4) primary addressee and relationship to client/author; (5) secondary addressees and relationship; (6) other recipients; (7) type of document; (8) client; (9) attorneys involved and party represented; (10) subject matter; (11) basis for withholding; and (12) identification of attachments.

/ / /

/ / /

**E. Changes to Discovery Limitations (FRCP 26(f)(3)(E))**

**Interrogatories:** Plaintiff proposes that each side be permitted 40 interrogatories per side. Given the class nature of this action and the number of issues, the parties may seek leave to serve additional interrogatories if warranted. Defendant contends each side should be limited to 25 interrogatories absent a showing of substantial need.

**Depositions:** The parties propose 10 fact depositions per side plus the right to depose any witness providing a declaration in support of or opposition to Plaintiff's motion for class certification. Plaintiff submits that, given the nationwide scope of the putative class and the number of corporate decision-makers, and the possibility that putative class members who have signed arbitration and class waiver agreements and/or declarations continue to be employed by Defendant, deposition may be the only way for Plaintiff to obtain facts from those witnesses. The parties may seek leave for additional depositions. Defendant anticipates needing at least two days to complete Plaintiff's deposition.

**Requests for Production / Admission:** Default limits apply unless modified by order.

**F. Other Discovery & Scheduling Orders (FRCP 26(f)(3)(F))**

The parties will submit a proposed protective order to govern discovery within 10 days of the Case Management Conference.

## II. <u>ADDITIONAL DISCOVERY ISSUES</u>

### A. Service

Plaintiff Meagan Garland ("Plaintiff") and Defendant Duane Morris, LLP ("Defendant" or the "Firm") have appeared. Plaintiff named Tax Accounting Group as a defendant but has since been informed that Tax Accounting Group is not an entity separate from the Firm. Therefore, all named defendants have been served and have appeared in this action. DOES 1–200 remain unnamed pending discovery.

### B. Amendment of Pleadings

The parties do not anticipate an amendment to the pleadings at this time but reserve the right to file any such amendments should circumstances change.

/ / /

/ / /

**C. Protective Order**

The parties propose to submit a stipulated protective order to the Court within 10 days following the CMC. The parties will use or adapt the Southern District of California's standard form protective order.

**D. Electronic Discovery**

The parties have reviewed the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information ("ESI").

The parties agree to the following ESI methodologies:

- **Production format:** PDF, unless otherwise requested.
- **Search methodology:** The parties agree to negotiate search terms in good faith. Upon service of written discovery, the parties agree to meet and confer on search terms relevant to the requests.
- **Deduplication:** Documents shall be deduplicated globally across custodians.

The parties are not presently aware of ESI that may not be reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B).

**E. Discovery**

The parties have exchanged their initial disclosures. No other discovery has been taken. No discovery disputes have arisen.

**F. Related Cases**

None.

**G. Scheduling**

The parties do presently request deviation from the Court's typical schedule. For reference, the typical schedule, measured from the CMC, is as follows:

/ / /

/ / /

| Event | Proposed Deadline |
|---|---|
| **Fact Discovery Cut-Off** | 7 months after CMC |
| **Class Certification Motion Filing** | 6 months after CMC (1 month before fact discovery cut-off) |
| **Initial Expert Disclosures** | 7 months after CMC |
| **Rebuttal Expert Disclosure** | 8 months after CMC |
| **Expert Discovery Cut-Off** | 9 months after CMC |
| **Dispositive Motion Filing Cut-Off** | 9 months after CMC |
| **Mandatory Settlement Conference** | 7 months after CMC |
| **Pretrial Conference** | 4 months after dispositive motions filed |
| **Trial** | 1 month after pretrial conference |

**H. Trial**

Plaintiff requests that this case be tried to a jury. Defendant requests that the court try Plaintiff's equitable claims (*i.e.*, her Sixth, Tenth, Twelfth, and Thirteenth Causes of Action) as a bench trial. The parties estimate that trial of Plaintiff's individual claims will require approximately five court days. The parties estimate that, in the event of class certification, the trial will require approximately 15 court days in total, depending on the scope of certified classes and the number of claims tried.

**I. Professional Conduct**

All attorneys of record for each party who will be listed in the pleadings or motions confirm that they have reviewed Local Rule 2.1 and agree to abide by the Court's Code of Conduct.

/ / /

/ / /

DATED: June 18, 2026

**FELL LAW, PC**

/s/ Bibianne U. Fell
Bibianne U. Fell
Marlee R. Horwitz
**Attorneys for Plaintiff and the Proposed Class**

DATED: June 18, 2026

**PROSKAUER ROSE, LLP**

/s/ Gregory W. Knopp
Gregory W. Knopp
Elise M. Bloom *(pro hac vice)*
Anthony J. Oncidi
Philippe A. Lebel
**Attorneys for Defendant Duane Morris LLP**